## MASCOWITZ v. STATE.

LIQUORS: *Sale to minor on order of parent.*

Under section 1878, Mansfield's Digest, a written order given by a minor's father to a saloon keeper, directing the latter to let the minor " have anything in reason or a drink when he wants it," is, until revoked, a continuing authority to sell to the minor any quantity of liquor ordinarily sold at retail, by the person to whom it was addressed.

APPEAL from *Garland* Circuit Court.

J. B. WOOD, Judge.

*L. Leatherman* for appellant.

To constitute the offense charged the sale must have been made without the written consent of the parent. *Sec. 1878, Mansf. Dig.*

The written order in this case was a complete defence. The wording of the order shows that it contemplates the selling on more than one occasion, and is broad enough to include a sale of a pint, or any amount "in reason."

*Dan W. Jones*, Attorney General, for appellee.

The order was only a consent to sell on the date of the writing.

Each sale must be authorized by the written consent of the parent.

COCKRILL, C. J.   The appellant was indicted for selling liquor to a minor without the consent of his parent or guardian. The proof showed that the minor's father sometimes visited the appellant's saloon, and on one occasion when the appellant refused to let his son have beer on account of his nonage, the father believing that his son, who was about nineteen years of age, would not become a drunkard, wrote and delivered to the appellant, on the spot, the following order: "Mr. Mascowitz: Please let my son John have anything in reason or a drink when he wants it, and oblige a friend,

[Signed]                              "M. P. HARRISON."

The appellant sold the young man drinks from time to time upon the authority of the order, and on one occasion sold him a pint flask of whisky.   He was convicted and appealed.

The order was a continuing authority to sell to the minor. It was evidently so intended by the father, and had not been

revoked when the liquor was sold.   It was not the province of the court to declare as a matter of law that a pint of whisky was not a quantity within reason for a youth to have ; and the Judge, acting in the capacity of a jury, was not authorized to so conclude in this case.   The statute vested the right in the father to determine whether his minor child should be allowed to buy liquor without inculpating the seller, and he could, by his written consent, remove the law's prohibition against a sale to his son.   *Mansf. Dig., sec. 1878.*   An order given to authorize a sale of liquor should be construed as liberally in a criminal prosecution as it would be in an action to test the maker's civil liability.   The order offered in this case would be sufficient to render the maker liable (if there was nothing else to prevent), for any quantity of liquor ordinarily sold to a customer at retail, by the person to whom it was addressed.

It was sufficient to justify the appellant in making the sales proved, and he should have been acquitted.

Reverse the judgment and remand the cause.