# CASES DECIDED

# MARCH TERM, 1891.

## GILL v. THE STATE.

Written authority from the parent or guardian for selling or furnish-
ing intoxicating liquors to a minor must be special for each occa-
sion.  A general permit or license for the minor to drink beer and
whisky in a specified bar-room, without limitation as to time or
quantity, is void.

March 4, 1891.  Argued at the last term.

Criminal law.  Liquor.  Minors.  Parent and child.
Before Judge SMITH.  Muscogee superior court.  May
term, 1890.

Indictment for selling liquor to a minor without
written authority first obtained, and in a second count
for permitting the same to be done by a clerk in his em-
ploy.  The defendant admitted that he sold liquor to the
minor only after the 1st of February, 1889.  There was
no evidence that he sold any before that date, the testi-
mony for the State being that the minor drank liquor
in the bar-room of which the defendant was one of the
proprietors, several times during 1889—once during the
month of May.  The minor's father testified that he
controlled the minor, and about a year and a half before
the 21st of June, 1890, gave Miller & Gill (the defend-
ant's firm) written authority to let the minor play pool
and drink whiskey and beer at their bar.  A paper was
exhibited to him, and he said it was the one he signed.
The defendant offered it in evidence, but the court re-
jected it on the ground that it was not such a written
authority as is contemplated by law.  It was as follows :

"I do certify that I am perfectly willing for my son Willie to play pool and drink whiskey and beer in Miller & Gill's bar-room at any time. February 1st, 1889.          PAT WALSH."

After verdict of guilty, the defendant moved for a new trial on the general grounds, and because of error in not admitting the paper. The motion was overruled, and exception was taken.

MARTIN & WORRILL, for plaintiff in error.

A. A. CARSON, solicitor-general, by C. J. THORNTON, contra.

BLECKLEY, Chief Justice.

The indictment was under section 4540(a) of the code, which reads as follows : "No person or persons, by himself or another, shall sell, or cause to be sold, or furnished, or permit any other person, or persons, in his, her, or their employ, to sell, or furnish any minor or minors, spirituous or intoxicating, or malt liquors of any kind, without first obtaining written authority from the parent or guardian of such minor, or minors, and such person, or persons, so offending shall, on conviction, be punished as prescribed in section 4310 of the code." This statute is a police regulation, and has regard, not alone to the will and wishes of parents and guardians over the conduct of children, but chiefly to the wholesome restraint and discipline of minors as immature members of society. It relies upon parental discretion, and intends that that discretion shall be exercised by the parent or guardian and not delegated to the child. It has no thought of empowering the parent to make the child the judge of its own needs for intoxicating liquors, without limitation as to time or quantity. On the contrary, the foundation principle of the law is, that the minor's discretion is not to be trusted. Hence it requires a decision of the parent or guardian, evidenced by writing. A parental decision not founded

on the circumstances of any particular occasion, but applicable alike to all occasions, and measuring the supply of liquors to be furnished by nothing but the desires and appetites of the child, is simply an effort to repeal the law *pro tanto*. To give it effect would be in direct conflict with the principle announced by this court, during the prevalence of slavery, in the case of *Reinhart* v. *The State*, 29 *Ga.* 522, in which it was held that the master's discretion to determine the quantity of spirituous liquors necessary for the health of a slave could not be delegated. Consistently with the policy of the law, there can be no general authority by the parent conferred upon any one to furnish liquors at his own pleasure or the pleasure of the child. The parent must hold control of the supply, both as to time and quantity, and the written authority must be special, as contradistinguished from general. It must be applicable to one occasion only, and must be repeated separately for each subsequent occasion. Once acted on, it is exhausted, and is no more authority for subsequent supplies than if it had never existed. Parental license to run indefinitely would, if granted by a sufficient number of rash and inconsiderate fathers, enable one or more drinking saloons in large cities to flourish on the patronage of minors alone. We think such a license shows on its face an attempted evasion of the law. It treats the parent alone as interested in the conduct of the child, and ignores the wider and more important policy of the statute, which is to rear good citizens and conserve the public order and general welfare of the State. If we are correct in what has been said, the instrument relied upon as a defence in this case was void upon its face. It was no authority for selling or furnishing even in a single instance, for it had no limitation as to time or quantity, and was obviously intended as a general license rather than as a particular author-

v 86-48

ity. It was an unlimited permit to drink whisky and beer in the bar-room of which the defendant was one of the proprietors. We have not overlooked the case of Mascowitz *v.* The State, 49 Ark. 170, 4 S. W. Rep. 656, but notwithstanding our high respect for the court which decided it, we cannot accept it as a precedent. It refers to no authority, and to our minds, its reasoning confounds the just distinction between police and civil liability.

There was no error in excluding the evidence, nor in refusing to grant a new trial on other grounds.

*Judgment affirmed.*