# Smith *v.* The State.

*Indictment for Selling Liquor to a Minor.*

(Decided February 13, 1902.)

1. *Selling liquor to minor; consent of parent; Code, § 5078.*—The consent of a mother for the sale of liquor to her minor son "whenever he wants it," is a general and continuing consent, and a sale thereafter made during the son's minority, such consent not having been withdrawn, is not violative of section 5078 of the Code, punishing the sale of malt liquors to a minor "without the consent of the parent or person having the management or control of such minor."

2. *Same; sale by clerk.*—A sale to a minor by a liquor dealer through his clerk is as much protected by the parent's consent made to the liquor dealer, as if the sale were made by him in person, where the fact of such consent was communicated to the clerk at the time it was given.

APPEAL from Marshall Circuit Court.
Tried before Hon. J. A. BILBRO.

STREET & ISBELL, for appellant, cited *Long v. State,*
27 Ala. 36; *Thompson v. State,* 37 Ala. 151; *Segars v.
State,* 88 Ala. 144; 17 Am. & Eng. Ency. Law (2d ed.),
334; *Mascorritz v. State,* 49 Ark. 170; Endlich on Interp.
of Statutes, §§ 329, 330.

CHARLES G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—The appellant was convicted of
the offense of selling liquor to a minor.   The sale and
the minority of the purchaser were clearly proved, and
not at all denied by the defendant.   But the evidence
for the defendant went to show that the father of the
minor was dead, that at and before the time of the sale
he was living with his mother, that a month or so before
the sale charged in the indictment Gartrell Rains, the
minor in question, and his mother passed by the saloon
of the defendant in a wagon or buggy, that they stopped
in front of the saloon, and said Gartrell went into the
saloon and called on defendant for a pint of whiskey;
that defendant told him that he could not sell him, that
he was under age, that Gartrell replied my mother is
out there, that defendant stepped out onto the porch in
front of the saloon and asked Mrs. Rains if it was all
right to sell her son whiskey; that she replied: "It is
all right; let him have it whenever he wants it; he does
not drink much," and that this consent or authority had
never been withdrawn.   The time and venue of the sale
were proved.   On this state of evidence the court gave
the affirmative charge for the State, and upon that action
arises the question whether a general or continuing
consent of the parent for sales of liquor to be made to
the minor child is such a consent as brings the case
within the exception of the statute.   We quote so much
of the section of the Code as bears upon the case: "Any
person who sells, barters, exchanges or gives spirituous,
vinous, or malt liquors to a minor without the consent
of the parent or person having the management or con-

trol of such minor, * * * must, on conviction, be fined not less than fifty, nor more than five hundred dollars. * * *—Code, § 5078. This statute does not in terms require that the consent to bring a given case within the exception must be made with special reference to the sale involved in such case, nor does its language afford any basis for a construction to that effect; nor does it at all, in terms or by implication, negative the efficacy of a general consent to a series of sales or to all sales. The statute indeed neither requires nor admits of construction in the point under consideration. Its language is plain and unambigious to the exclusion from its operation of all sales to minors made with the consent of their parents; and it would be wholly unwarranted and violative of that elementary rule which restricts the operation of penal enactments to the cases covered by the letter of them to say that the consent stated without limitation or qualification must be so limited and qualified as to mean a consent to a single act, transaction, or occasion. One may as well and efficaciously consent to a series of acts, or to a course of dealing for an indefinite time or for a time limited by the period of minority of another, as he may to a single act; and to hold that the legislature intended one sort of consent and not consent generally would be to declare that the lawmakers did not intend what they have said, and this upon the sole ground that we deem it unwise to give their plainly expressed intent its due effect. We have nothing to do with the wisdom or unwisdom of enactments; and we are by no means authorized to wrench and contort their language out of its well understood significance for the purpose of subjecting persons to their penalties who are not embraced in their terms for that it may seem to us that their operation according to the plain and usual meaning of the ordinary words they employ would be detrimental to the public good as we conceive that good to be. The Supreme Court of Georgia has adopted a contrary view (*Gill v. State,* 86 Ga. 751) ; but notwithstanding our respect for that court and for the learned judge who delivered the opinion (Chief Justice BLECKLEY) we cannot follow

[Burr *et al.* v. Foster.]

them, but adopt the conclusion on this subject of the Supreme Court of Arkansas (*Muscowitz v. State,* 49 Ark. 170), that the consent was a continuing authority for the sale of the liquor to the minor.

We have treated this case as if the sale charged had been made directly by the proprietor of the saloon to whom the consent was given, because a consent to him covers a sale made by him through his clerk to whom the fact of consent given was communicated at the time it was given.

The court erred in giving the affirmative charge for the State.

Reversed and remanded.