THOMAS CONNOLLY

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops—Act Relating to, Sec. 6—Sale to Minor—Order of Parent—Statutes—Interpretation of.*

1. While the rule is general that penal statutes must be construed strictly, they should not be construed so strictly as to defeat the obvious intention of the legislature.

2. Sec. 6 of the Dram Shop Act has regard not alone to the will and wishes of parents over the conduct of their children, but chiefly to the wholesome restraint of minors as immature members of society. It is designed to promote temperate habits among the youth of the State during the formative period of their characters.

3. A parental discretion applicable alike to all occasions, and measuring the supply of liquors by nothing but the desires and appetites of the minor, violates the spirit of the act. Consistently with the legislative intention the parent must hold control of the supply, both as to time and quantity, and the written authority must be special, as contradistinguished from general.

4. This court holds as invalid the order referred to in the case presented.

[Opinion filed December 7, 1891.]

IN ERROR to the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. JOHN McKEOUGH, for plaintiff in error.

Mr. EDWARD C. AKIN, for defendants in error.

HARKER, J.    Plaintiff in error was indicted and tried under Sec. 6 of the Dram Shop Act for selling intoxicating liquor to two minors, Albert Williams and Delbert Shreffler. He was found guilty under one count for selling to Albert Williams, and under three counts for selling to Delbert Shreffler.

The proofs made by the prosecution abundantly support the verdict.

The only defense interposed was that the sales made to Del-

bert Shreffler were upon the following order identified by the minor's father and shown by him never to have been revoked.

"JOILET ILL., July 20, 1888.

"To THOMAS CONNELLY, JR., SALOON KEEPER:

"You are hereby authorized and requested to sell or give to Frank and Delbert Shreffler, who are minors, ale, beer, whisky, and other spirituous, vinous and malt liquors from day to day, and at all times in such quantities as they may desire; and to allow them to enter and remain in your saloon for the purpose of obtaining the same until otherwise directed by me."

"Signed, JOHN SHREFFLER, Parent."

The court refused to allow the order read in evidence, and this action of the court constitutes the sole ground on which a reversal is asked.

The section of the statute in question reads as follows:

"Whoever by himself or his agent or servant shall sell or give intoxicating liquor to any minor without the written order of his parent, guardian or family physician, * * * shall for each offense be fined not less than $20, nor more than $100, or imprisoned in the county jail not less than ten, nor more than thirty days, or both, according to the nature of the offense."

This statute is highly penal. The order under which the sales were made falls within its letter.

We are at once confronted, then, with that long established and familiar canon, *penal statutes must be construed strictly.* An application of it alone would make the action of the Circuit Court in excluding the order from the jury erroneous. There is, however, another canon of construction, equally as familiar that must be borne in mind. *Statutes must be interpreted according to the intent and not always according to the letter. A thing within the intention is within the statute, though not within the letter; and a thing within the letter is not within the statute unless within the intention.*

The clashing of these two rules have occasioned to courts no small amount of difficulty when called upon to construe penal statutes.

When and to what extent the rigor of the former should be relaxed where an application of it violates the principle of the latter is a very serious question.

To the contention that the rule last mentioned is not applicable to penal statutes the reply may be made that our Supreme Court has so applied it. Albrecht v. The People, 78 Ill. 510; Perry County v. Jefferson County, 94 Ill. 214; Soby v. The People, 134 Ill. 66.

Whenever a conflict occurs in the application of these rules it may be stated as a safe proposition that although penal statutes are to be construed strictly they should not be construed so strictly as to defeat the obvious intention of the legislature. No such construction should be given as would enable parties acting under the law to so conduct themselves as to render nugatory its provisions.

The statute in question has regard not alone to the will and wishes of parents over the conduct of their children, but chiefly to the wholesome restraint of minors as immature members of society. It is designed to promote temperate habits among the youth of the State during the formative period of their characters.

The evident intention of the provision was to place the child's need for intoxicating liquors upon parental discretion as to time and quantity—a discretion not to be delegated to the child. The principle at the foundation of the law is that the minor's discretion is not to be trusted. Hence it requires a decision of the parent evidenced by writing. A parental decision applicable alike to all occasions, and measuring the supply of liquors by nothing but the desires and appetites of the minor, violates the spirit of the act. Consistently with the legislative intention, the parent must hold control of the supply both as to time and quantity, and the written authority must be special, as contradistinguished from general. Gill v. The State, opinion by the Supreme Court of Georgia, 13 N. E. Rep. 86.

We do not desire to be understood as holding that there must be a written order for each occasion. There might be circumstances under which the order could properly include

Connolly v. The People.

more than one sale.   If it shows on its face that the parent
holds control of the supply as to times and quantity then it
would be special, although it authorized a sale to the minors
for more than one time.

The written order in this case, authorizing and requesting as
it does, the saloon keeper to sell to the two minor sons of John
Shreffler any and all kinds of intoxicating liquors, at all times
and in such quantities as they might desire, shows upon its
face that it is an attempted evasion of the law.   It treats the
father alone as interested in the conduct of his boys, and
ignores the wider and more important policy of the law, which
is to rear good citizens and conserve the public weal.   To
hold it valid because it is within the letter and because penal
statutes must be construed strictly would enable saloon keep-
ers and fathers not in accord with the law to defeat its very
purpose.

The judgment must be affirmed.

*Judgment affirmed.*

LACEY, P. J., dissenting.   I am unable to concur with the
opinion of a majority of the court as to the proper construc-
tion of the statute in relation to the kind of an order required
of the parent to be given to his minor child to authorize the
legal selling of intoxicating liquors to him.   The majority of
the court hold, as I understand, that a general order is not
sufficient to protect the seller from criminal prosecution under
the "Dram Shop" Act, but that a special order is required,
where necessary, to prevent the minor from exercising any
discretion.   It appears to me that this would be giving the
statute a strained and artificial construction not justified by
the words used, and that any mode of reasoning attaining
such a result would be faulty.   An order, as all understand,
may be general or special when spoken of in usual and
ordinary language.   If this be so the conditions of the statute
would be fulfilled by the parent giving to his child a general
order in writing, authorizing the seller to sell him intoxicating
liquors.   To require a special order would be to interpolate
words into the statute not found there, and would be judicial
legislation under the guise of interpretation.

In my judgment the legislature did not desire or intend to deprive the parent of his natural rights as guardian of his minor children in respect to their use of intoxicating liquor, but intended to aid him in that matter by authorizing the punishment of those who would sell intoxicating liquors to them without his consent in writing. And the require- ment of a written order was no doubt intended, not as a hin- derance to the parent in the exercise of his right, but as a pro- tection to him and the law against imposition by the seller claiming a license or order when he really had none. The control of the parent over his minor child, as I think, was freely left with him without any intention of embarrassing him in the exercise of his right as parent and guardian, by unnec- essary and unreasonable restrictions. If the legislature had adopted a different principle and had aimed to restrict the parents' control or to deprive them of it, it could have easily accomplished that object by the use of plain words. I think, as a general rule, the courts have regarded a general order as sufficient. The attempted regulation of the liquor traffic by what is called the "Dram Shop Act," is no doubt like all other criminal statutes, a police regulation, and should receive the same construction as other criminal statutes. It should be strictly construed. I can not see how it can be assumed in the absence of any words in the statute imparting such a design, that the legislature intended to compel the parent to consider the propriety of every sale of intoxicating liquors to his minor child before it were made, or to limit him in his per- mission. It can not, according to the legal rules of construc- tion of a criminal statute, be assumed that the legislature in- tended something not clearly expressed and not found in the statute itself. If we are allowed to indulge in speculations of this character there would be no certainty in any law that may be passed, while one would imagine the legislature intended one thing and another would see the opposite mean- ing. Hence the only safe rule is the one adopted by legal tri- bunals, i. e., to construe the statute according to the plain and ordinary meaning of the words used. If any more stringent regulations are required on any subject than are found in any

act of the legislature, it should be left to the legislative power to supply the defect.   As a case in point I cite Masciwitz v. State, 49 Ark. 170.   The majority of the court cite a case decided by the Supreme Court of the State of Georgia. I have examined that case, but do not think it sound.   By a highly artificial course of reasoning the court arrives at a result evidently not contemplated by the makers of the law.   The opinion is also based upon one made by the same court in "the old slavery days" on a law regulating the sale of intoxicating liquor to slaves.   It is a matter of history that the laws in those times were strict as respected anything connected with the negro, and what stringency the legislature failed to enact, was to a great extent supplied by the courts. Therefore, that opinion being based on the old case, I can not think it in point, but is compelled for the sake of consistency by the former opinion.   I think the court erred in excluding the receipt from evidence, as it was a complete justification of the sales of intoxicating liquors to Delbert Shreffler.