## Eugene Supernant v. The People.

1. NAMES—*As Indicating Sex*—The name " Joseph " imports a person of the male sex.

2. INTOXICATING LIQUORS—*Permits for the Sale of, to Minors.*—A permit from a mother for the sale of intoxicating liquors to her minor son for her use does not authorize a subsequent sale to him for his own use to be drank by him on the premises of the seller.

3. SAME—*Construction of the Statute Prohibiting the Sale to Minors Without Permits.*—The evident intent of the statute prohibiting the sale of intoxicating liquors to minors was to place the child's need for such liquors upon parental discretion as to time and quantity, and such discretion is not to be delegated to the minor. The principle at the foundation of the law is that the minor's discretion is not to be trusted, and so a permit in writing is required.

**Information,** for selling liquor to minors. Error to the County Court of Kankakee County; the Hon. EBEN B. GOWER, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Mr. Justice BROWN concurring in the affirmance but dissenting from a part of the opinion. Opinion filed January 24, 1902.

M. R. HARRIS and W. R. HUNTER, attorneys for plaintiff in error.

BERT L. COOPER, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

An information against Eugene Supernant was filed in the court below. A motion to quash was overruled as to the first count of the information, and sustained to the second. Defendant pleaded not guilty and waived a jury. He was tried and convicted under the first count and fined $20 and costs. This is a writ of error to review that judgment.

The first count (after the venue, etc.,) charged that defendant " unlawfully did sell intoxicating liquor to one Joseph Pelletier, then and there a minor, without the written order then and there of the parents." It is argued the first count does not state a criminal offense, first, because the clause " then and there a minor " does not contain any form

of verb; and, second, because the words, "then and there a
minor," are but the statement of a conclusion, whereas the
age and sex of Joseph Pelletier should have been stated, so
that the court could determine from the allegation whether
said party was in fact a minor. It is said the statement of
age alone might not be sufficient, for, if it had been averred
Joseph Pelletier was nineteen years old, still Joseph might
be a female, and therefore of lawful age and not a minor.
We are of opinion that the verb was implied, and that the
plain meaning of "then and there a minor" is "who was at
that time and place a minor." Webster defines "minor" as
"a person of either sex .who has not attained the age at
which full civil rights are accorded." The first section of
our statute relating to guardian and ward fixes that period
for this State. We are of opinion that to state that Joseph
was a minor was to state a fact and not a conclusion. It
was stated in the exact language of the section of the stat-
ute relating to dram-shops, under which this information
was laid. It is usually sufficient to state an offense in an
indictment or information in the language of the statute.
The crime had no relation to the sex of the person to whom
the liquor was sold, whether male or female. If the sex
was material, the name "Joseph" imports a person of the
male sex. The court did not err in refusing to quash the
first count.

At the trial defendant admitted that on July 6, 1901, he
sold Joseph Pelletier one glass of beer; that Joseph was a
minor and beer an intoxicating liquor; and that the sale was
made in that county. This made a case for the people. De-
fendant was the sole witness in his own behalf. From his
testimony, especially as developed on cross-examination, the
facts appear to be as follows: On May 25, 1901, Joseph
came to defendant's place to get a pail of beer for his mother,
and told defendant it was for his mother. Defendant
asked Joseph if his name was Pelletier, and the boy replied
that it was. Defendant then told him he did not think he
could sell to him without an order from his parents. The
boy went away and returned with the following order:

" 5–25–1901.   Mr. Supernt please give this boy beer when he comes here.  Oblige Mrs. Pelkey."  Defendant then went to Mrs. Pelletier and found Joseph sitting with her, and asked her if she had sent her boy over with this order, and she said she had sent one.   He asked her if she did not have another son, and she replied she had no other son but this one. Then defendant gave Joseph the pail of beer and put the order on file.   Joseph did not present the order again, and it was not referred to when, on July 6th, a month and a half later, defendant sold the boy a glass of beer; but defendant testified he then thought of the written order and thought it meant to let the boy have beer when he came that way. He had also let the boy have beer once between the date of the order and July 6th.

In our judgment it is clear from the proof this order was given to enable the minor to get beer for his mother, and that the sale of beer to the minor for his own use and to be consumed by him at defendant's place of business, was not in the mind of the parties at all when the order was requested and sent.   Defendant can not say oral evidence must not be received to vary a written instrument, for he introduced this oral testimony himself and made no objection to the cross-examination.   The order therefore does not protect defendant for a subsequent sale to the minor of intoxicating liquor which the minor bought for himself and drank on defendant's premises.

But if the order is interpreted as a general request to defendant to let Joseph have beer for his own consumption whenever he called for it, then it is invalid under the rule laid down in Connolly v. The People, 42 Ill. App. 36. Speaking of this statutory provision for selling intoxicating liquor to a minor upon the written order of the parent, we there said:

" The statute in question has regard not alone to the will and wishes of parents over the conduct of their children, but chiefly to the wholesome restraint of minors as immature members of society.  *   *   *   The evident intention of the provision was to place the child's need for intoxicating liquors upon parental discretion as to the time and

quantity—a discretion not to be delegated to the child. The principle at the foundation of the law is that the minor's discretion is not to be trusted. Hence it requires a decision of the parents evidenced by writing. A parental decision applicable to all occasions, and measuring the supply of liquors by nothing but the desires and appetites of the minor, violates the spirit of the act. Consistently with the legislative intention, the parent must hold control of the supply both as to time and quantity, and the written authority must be special as contradistinguished from general. * * * There might be circumstances under which the order could properly include more then one sale. If it shows on its face that the parent holds control of the supply as to times and quantity then it would be special, although it authorized a sale to the minor for more than one time." This decision was based upon Gill v. State, 86 Ga. 751; 12 L. R. A. 433. (Dixon v. State, 86 Ga. 754; 2 McLain's Criminal Law, Sec. 1261.) We see no sufficient reason for departing from or disturbing the rule thus laid down. Under the decision the order here relied on did not protect defendant for a sale of beer to the boy six weeks later.

The judgment is therefore affirmed.

MR. JUSTICE BROWN:

I concur in the affirmance of the judgment for the reason first stated in the foregoing opinion, but I dissent from the last paragraph of said opinion, for the reasons stated in the dissenting opinion of Mr. Presiding Justice Lacey in Connolly v. The People, 42 Ill. App. 36.