**Reuben R. Ruth, Plaintiff in Error, v. People of State of Illinois, Defendant in Error.**

**Term No. 46F3.**

Opinion filed May 6, 1946. Rehearing denied October 4, 1946. Released for publication October 5, 1946.

L. B. FISH, of Lawrenceville, and COTTON & MASSEY, of Paris, for plaintiff in error; ROBERT F. COTTON, of Paris, of counsel.

MAURICE E. GOSNELL, State's Attorney, of Lawrenceville, for defendant in error.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is a writ of error seeking reversal of a judgment of the county court of Lawrence county, assessing a fine of $1,000 and costs, against appellant, Reuben R. Ruth (hereinafter called defendant).

The action arose out of an information filed by the state's attorney of Lawrence county, charging the defendant with violation of the Dram Shop · Act through a sale of alcholic liquor to certain minors, each of the minors being named in separate counts of

the information. The case was tried by a jury and the jury found defendant guilty on both counts of the information. In the verdicts the jury fixed the fine of the defendant at $500 on each count. Appropriate motions for directed verdict and for new trial were made by defendant, and a motion in arrest of judgment was filed, questioning the sufficiency of the information on the ground that since the information was predicated upon par. 131, ch. 43, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 68.038], it was defective for the reason that it charged that the defendant, Reuben R. Ruth, on a certain day, being a licensee under the terms of the Act "did sell and deliver alcoholic liquor" to the named minors. It was the contention of the defendant that the information was insufficient and fatally defective for the reason that it omitted a recital that the sale was with the "authorization, knowledge or approval" of the licensee.

Paragraph 131 of the Dram Shop Act referred to in the statement of facts provides, "No licensee shall sell, give, or deliver alcoholic liquor to any minors . . . ." Paragraph 183 of the same Act provides for a fine of not less than $50 nor more than $500 for the first offense. Paragraph 185 of the Dram Shop Act contains the following language, "Every act or omission of whatsoever nature, constituting a violation of any of the provisions of this Act, by any officer, director, manager, or other agent or employee of any licensee, if said act is committed or omission is made with the authorization, knowledge or approval of the licensee, shall be deemed and held to be the act of such employer or licensee, and said employer or licensee shall be punishable in the same manner as if said act or omission had been done or omitted by him personally." Paragraph 180 of the Dram Shop Act contains the provision that "In all prosecutions under this Article by indictment or otherwise it shall not be necessary . . . to show the knowledge of the person

to convict for acts of any agent or servant; . . . "

Many errors are assigned by the defendant and many are argued in the brief filed in this court. We shall give consideration only to those which appear to be material under the facts.

The facts as shown on the trial of this cause indicated that on May 18, 1945 two boys aged 17 and 16, respectively, were in the tavern operated by the defendant, a licensee under the Dram Shop Act, and according to the testimony of the minors, and others who testified, they were served with alcoholic liquors by a waitress who was working part-time for the defendant. The defendant in his testimony denied that the boys were in his tavern. In this denial he was supported by the testimony of the waitress, his bartender, and three persons who were in the tavern at the time the boys presumably were sold the alcoholic liquors. On the evidence as presented the jury returned a verdict of guilty on both counts of the information.

There was, apparently, no effort made by defendant to raise the issue that he had no knowledge of the sale and did not authorize or approve it, until these defenses were raised by motion for new trial and in arrest of judgment. While the information charged that the licensee sold and delivered the liquor to the minors, it appears to have been sufficient in charging the violation in the language of the statute. It is only necessary that a charge of this character be made so plainly that defendant may know how to make his defense and the jury may readily understand the nature of the accusation (*Mapes v. People*, 69 Ill. 523; *Supernant v. People*, 100 Ill. App. 121).

No instructions sought or other acts prior to the time of the verdict of the jury indicated that defendant attempted to avail himself of the defense that the acts were committed without his authorization, knowledge or approval (*People v. Schmidt*, 292 Ill. 127).

■ Objections were, likewise, made by defendant to certain instructions and a refusal to give a certain instruction. Although these instructions are not set out in detail in the brief of defendant, we have examined the matters which were raised and do not believe that there is any reversible error in the action of the court with reference to the instructions. The instructions contained some inaccuracies, but we do not believe that the result would have been any different if a certain instruction had been modified since it dealt with the question of circumstantial evidence. The evidence tended rather clearly to establish that there was direct proof of the sale of intoxicating liquor to the minors, which apparently was believed by the jury. On review of a record of this character the question is not whether the record is perfect, but whether defendant has had a fair trial under the law, and whether his conviction is based upon evidence establishing his guilt beyond a reasonable doubt (*People v. Touhy*, 361 Ill. 332). Under the facts it appears that the defendant has had a fair trial, and that the evidence tended to establish his guilt as required by law.

■ The trial court in entering judgment upon the verdicts of $500 as to each offense, charged in each count of the information, entered judgment as follows: "Judgment on the verdict, the judgment being guilty on each count of the Information. Fine of $1,000.00 assessed, and judgment against defendant for $1,000.00 and costs." The information charged two separate offenses and two separate verdicts were returned by the jury. It was proper that separate judgments be entered as against defendant in each case. Separate judgments should have been entered upon each of the verdicts. This cause will, therefore, be reversed and remanded for the sole purpose of an entry of separate judgments on each of the verdicts as herein specified.

*Reversed and remanded with directions.*

STONE, P. J., and BARTLEY, J., concur.