18587

Alvin T. ALLEN, Appellant, v. Ellis C. MacDOUGALL and the Department of Corrections, Respondents

(151 S. E. (2d) 863)

*John B. Butler, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *John A. Cutts, III, Assistant*

590

*Attorneys General,* of Columbia, *for Respondents,* 

December 13, 1966.

LIONEL K. LEGGE, Acting Associate Justice.

Appeal from a circuit court order discharging a writ of *habeas corpus.*

Appellant was arrested on June 19, 1964. He was indicted on June 22 and tried on June 25 and 26, 1964, for housebreaking, larceny and safecracking. The indictment was originally drawn against one Kenneth Flenniken alone; before it was handed to the grand jury the name of the appellant, Alvin T. Allen, was, by the solicitor, in his handwriting, added after the name of Flenniken throughout, and in each count of, the indictment. On June 25, Flenniken pleaded guilty to all of the charges and the jury, with the State's agreement, having recommended mercy, he was sentenced to imprisonment for ten years, with provision that after service of three years the remainder of the sentence would be suspended. Allen, having pleaded not guilty, was tried as aforesaid, was found guilty by the jury, with recommendation to mercy, and was sentenced to imprisonment for twelve years, from which conviction and sentence he did not appeal. Thereafter he petitioned the Honorable John Grimball, Judge of the Fifth Judicial Circuit, for a writ of *habeas corpus,* alleging in substance that his confinement was illegal because:

1. He was not guilty;

2. He was denied the right to a preliminary hearing;

3. His attorney was not afforded sufficient time for the preparation of his defense;

4. The indictment was faulty in that his name was not on it when it was considered by the grand jury, but was added by arresting officers after the grand jury had dismissed; and

5. The sentence was erroneous because it was in gross instead of being separate as to each of the charges.

Upon this petition Judge Grimball issued the writ on March 5, 1965; and return thereto having been made by the Attorney General, the matter was heard on March 13, 1965. By his order of March 30, 1965, Judge Grimball held that the petitioner's confinement was legal and pursuant to proper sentence, and accordingly discharged the writ. By a supplemental order dated April 9, 1965, he adverted to the contention that petitioner's name was not on the indictment when it was considered by the grand jury; noted that at the hearing before him petitioner had presented no evidence in support of that contention, but the State had offered the original indictment and testimony of the Clerk of Court, the Sheriff, and counsel who had represented the petitioner at the trial; found as a matter of fact that the reason why Flenniken's name alone appeared on the indictment as originally drawn was that the petitioner could not be located at that time, and that when he was finally located and arrested his name was inserted by the solicitor after that of Flenniken on the indictment; found that both names were on the indictment when it was handed to the grand jury; found that the indictment was not challenged at the trial; and dismissed petitioner's contention as being without merit.

The present appeal charges that the Circuit Judge erred in not voiding appellant's sentence and ordering a new trial, for the following reasons:

1. That appellant was deprived of his right to demand a preliminary hearing;

2. That he was not allowed sufficient time in which to confer with his counsel and prepare his defense;

3. That the indictment was defective because of its alteration by insertion of appellant's name under circumstances rendering it doubtful that his name was on it when it was presented to the grand jury;

4. That the sentence of twelve years, in gross, was improper; and

5. That the fact that the trial record was not available to his court-appointed counsel at the hearing on the writ rendered his representation of appellant ineffective.

Prior to and during his trial in the Court of General Sessions for Chester County appellant was represented by counsel retained in his behalf, who had been engaged in the practice of law in Chester since 1935 except for absence in service during World War II, and whose competence as a trial lawyer appellant does not question. This attorney testified at the hearing on the writ, substantially as follows: That no request for a preliminary hearing was made; that had the case been continued to the next term, which was to be in October, appellant would have had to remain in jail during the intervening three months as he could not furnish bail; that as appellant's counsel he had, with the permission of the prosecution, talked with the State's witnesses, including appellant's co-defendant Flenniken; that he had also talked with several persons whom appellant had suggested as possible witnesses in his behalf, but who were in fact witnesses for the State; that in the light of the information thus obtained he had conferred with appellant and informed him of the evidence, including that of Flenniken, implicating him; that in fact appellant had no defense except his own denial that he had participated in the crime; that in these circumstances witness was of the opinion that he had sufficient time to prepare for trial, and

that he had so advised appellant; and that he recalled that after discussing the matter fully appellant had agreed that no motion for continuance should be made, and that they should proceed to trial.

Appellant's testimony to the effect that the only occasion on which he discussed his case with his counsel was a period thirty minutes or an hour on the day before his trial is squarely contradicted by the testimony of his counsel to which we have referred. It is also contradicted by that of Mr. B. R. Peake, a South Carolina Law Enforcement Division (SLED) agent of twenty years' experience, who testified that on June 22, three days before the trial, he had conferred with appellant and his counsel, at the latter's request, explaining the extent of the evidence against appellant.

The evidence before Judge Grimball fully supported his conclusion that appellant had been properly and competently represented by counsel at his trial. That no preliminary hearing was held did not constitute denial of due process. *State v. White,* 243 S. C. 238, 133 S. E. (2d) 320.

Appellant's contention that the indictment was defective rests solely upon his conclusion, from the admitted fact that his name was not on it when it was originally drawn, that it may not have been on it when the indictment was considered by the grand jury. There is no evidence to support that conclusion; on the contrary it is fully refuted by the testimony of the Clerk, the Sheriff, and the Solicitor, to which we have already referred. Judge Grimball's order of April 9, 1965, properly rejected appellant's contention.

The sentence of twelve years being within the maximum that could have been imposed had appellant been sentenced separately on each count of the indictment, its imposition in gross did not constitute jurisdictional error. *Ex parte Klugh,* 132 S. C. 199, 128 S. E.

882; *Copeland v. Manning,* 234 S. C. 510, 109 S. E. (2d) 361.

Finally, appellant argues that Judge Grimball erred in not granting his request, made during the hearing on the writ, that he be furnished a transcript of the testimony at his trial. (The record here shows that in July, 1964, appellant had filed with the Resident Judge of the Sixth Judicial Circuit, where he had been tried, a petition praying that a transcript of the trial be furnished him without cost, he being without funds to pay for it; that by order dated August 17, 1964, the petition had been denied for lack of sufficient showing; and that no appeal was taken from that order.) Upon being so requested Judge Grimball, not being in the judicial circuit in which the trial had taken place, pointed out that he was without jurisdiction to order that such transcript be furnished, and stated that if the petitioner (appellant here) wished to appeal the question of refusal to furnish the transcript he would stop the hearing on the writ and let the petitioner prosecute such appeal. Upon being then asked by his counsel what his wishes were in that regard, the petitioner replied: "I would like to continue with the hearing."

We find no merit in appellant's present contention, because:

1. It was not proposed in his petition for the writ;

2. There is nothing in the record before us to suggest that a transcript of the trial testimony would have been either necessary for or pertinent to the hearing on the writ; and

3. If appellant had a right to require such transcript upon the hearing before Judge Grimball, such right was waived by his election to have the hearing proceed without it.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.