303 So.2d 56 (1974)
Obie Lee SHARP, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1366.
District Court of Appeal of Florida, Fourth District.
November 8, 1974.
*57 Richard L. Jorandby, Public Defender, and Kenneth J. Scherer, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Chief Judge.
Appellant's probation was revoked and he was thereafter sentenced to prison without credit for the period of time spent in County Jail between original incarceration and time he was placed on probation. He alleges error both in the revocation of probation as well as in the failure to allow credit for jail time served.
Appellant was alleged by affidavit to have violated probation in three separate material respects. After an evidentiary hearing the court found appellant guilty of two of the three alleged violations, one charging the unlawful receiving of certain described stolen property, and the other charging a failure to make restitution to the victim of the robbery upon which charge the probation had been entered. In support of the alleged violation for unlawfully receiving stolen property, the State's case consisted solely of hearsay evidence and thus there was no legally valid basis upon which to revoke probation on this charge. Hampton v. State, Fla.App. 1973, 276 So.2d 497; Franklin v. State, Fla.App. 1969, 226 So.2d 461. However, appellant conceded the correctness of the alleged violation for his failure to timely make restitution to the victim of the robbery, and thus the court did not err in revoking probation.
On the matter of the sentence, the more recent cases have been applying Section 921.161(1), F.S. after its effective date of May 29, 1973 even as to those cases where the sentencing occurred prior to the effective date.[1] We conclude that where, as here, the sentencing occurred subsequent to the statute's effective date it should be held to apply. Accordingly, the sentence for violation of probation is vacated and this cause remanded to the trial court with directions that it resentence appellant giving due credit for time served pursuant to the provisions of Section 921.161(1), F.S.
Reversed with directions.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Gallagher v. State, Fla.App. 1974, 300 So.2d 299; Miller v. State, Fla.App. 1974, 297 So.2d 36; Joins v. State, Fla.App. 1974, 287 So.2d 742.