307 So.2d 238 (1975)
John Michael HADDON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-946.
District Court of Appeal of Florida, Second District.
January 29, 1975.
John Michael Haddon, pro se.
James A. Gardner, Public Defender, Sarasota, and Braxton R. Ezell, Sp. Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant appeals the judgment and sentence entered upon a jury verdict finding him guilty of breaking and entering with intent to commit a misdemeanor and destruction of personal property of a value of less than two hundred dollars.
The pertinent facts in this case are that a service station was broken into by means of shattering a plate glass window. The charge of destruction of personal property was the breaking of the plate glass window, which is a part of the same transaction as the breaking and entering with intent to commit a misdemeanor *239 charge.[1] The trial court sentenced the appellant to a period of five years on both charges, which is the maximum sentence for the breaking and entering charge. Thus, the sentence was a general sentence which this court has now held to be reversible error. Darden v. State, 306 So.2d 581, opinion filed January 24, 1975. The sentence imposed on the destruction-of-personal-property charge was improper; however, by the entry of the general sentence on both charges we cannot determine what portion of said sentence was attributable to the offense of destruction of personal property.
Therefore, the judgments are affirmed but the general five-year sentence is hereby vacated and the case is remanded for resentencing on the judgment of guilt for the offense of breaking and entering with intent to commit a misdemeanor.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] Cone v. State, Fla. 1973, 285 So.2d 12.