310 So.2d 35 (1975)
Robert LONG, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1025.
District Court of Appeal of Florida, Second District.
March 26, 1975.
Rehearing Denied April 17, 1975.
Robert E. Pyle, Lake Alfred, and Frank C. Alderman, III, Fort Myers, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
The question presented for our consideration is whether a warrantless search and seizure of appellant's residence without his presence or permission constitutes an unreasonable search and seizure. The underlying question is whether this case falls under the exigency or emergency doctrine exception.
The facts are basically that on January 28, 1974, a Fort Myers police officer *36 was dispatched to the local hospital. Upon arrival he was informed by a doctor that a young girl was suffering from an overdose of medication and in order to counter-act the drugs it was a dire necessity to obtain a sample of them. The officer was also informed that another young girl had given the patient the drugs. The officer immediately went to pick up this other girl at a local school. Upon locating her, she advised the officer she had taken the pills (drugs) from a house (appellant's) where she had been baby-sitting. This young girl was beginning to show overdose symptoms. Together they proceeded to the premises. Upon arrival, they discovered no one was home. Thereupon they entered the premises where the young girl led the officer to a bedroom closet and pointed out to the officer a blue bag in which the drugs were located. The officer then rushed this young girl to the hospital together with the drugs in order that both girls could be treated. Later that same day a search warrant was obtained and executed to search the residence of appellant. Additional drugs were found therein, and appellant was arrested.
Appellant was charged with four counts of possession of a controlled substance and one count of possession of paraphernalia, contrary to Florida Statutes, Section 893.13. Following entry of a not guilty plea, appellant filed a motion to suppress the evidence which he contended was the fruit of an unreasonable search and seizure. After full hearing, including briefs, the trial judge denied the motion. Thereupon, appellant withdrew his plea of not guilty and entered a negotiated plea of nolo contendere to Counts 1, 2 and 3, reserving the right to appeal the denial of the motion to suppress and the state agreed to nol-pros counts 4 and 5. Appellant was thereafter adjudged to be guilty and sentenced to serve three years on counts 1, 2 and 3 in the state penitentiary.
Appellant contends that this case falls outside the emergency doctrine because the victim was not on the premises where the drugs were located. We have fully analyzed appellant's contention, but reject it on the rationale of our sister court in Webster v. State, Fla.App.4th, 1967, 201 So.2d 789. See, also, Gilbert v. State, Fla. App.1st, 1974, 289 So.2d 475, and State v. Hetzko, Fla.App.4th, 1973, 283 So.2d 49. We are fully cognizant that the victim in Webster, supra, was seen through a window, lying motionless on a bed with her face and body covered, upon the premises where the contested evidence was subsequently seized. We do not find any legal distinction resulting from the facts in the cited case and those in the instant case. We follow that line of cases holding that it is the belief of the law enforcement officer that exigent or emergency circumstances do exist that is the controlling factor. In the instant case, based upon the factual circumstances, the preservation of the life of the young lady must be considered superior to the inherent right of an individual to privacy. As was stated by Judge Cross in Webster, supra:
... The right of police to enter and investigate in an emergency, without an accompanying intent either to seize or arrest, is inherent in the very nature of their duties as peace officers and derives from the common law. United States v. Barone, ... [2d Cir. 1964, 330 F.2d 543]. The preservation of human life is paramount to the right of privacy protected by search and seizure laws and constitutional guaranties; it is an overriding justification for what otherwise may be an illegal entry. It follows that a search warrant is not required to legalize an entry by police for the purpose of bringing emergency aid to an injured person. Frequently, the report of a death proves inaccurate and a spark of life remains sufficient to respond to emergency police aid. As a general rule, we think an emergency may be said to exist, within the meaning of the "exigency" rule, whenever the police have credible information that an unnatural death *37 has, or may have, occurred. And the criterion is the reasonableness of the belief of the police as to the existence of an emergency, not the existence of an emergency in fact. Wayne v. United States, 1963, 115 U.S.App.D.C. 234, 318 F.2d 205; Davis v. State, 1964, 236 Md. 389, 204 A.2d 76; compare Miller v. United States, 1958, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332.
The police officer in our instant case properly acted within those guidelines based upon Webster, supra, and the cases cited therein. He certainly acted upon credible information  the doctor's statement that it was an absolute necessity that the nature of the drugs be determined and identified in order that he could administer the correct antidote. The record clearly shows that the officer did not have an accompanying intent either to seize other contraband or arrest appellant at the time the second girl led him to the appellant's residence. His sole purpose was the preservation of human life. It is reiterated that the second young girl was beginning to experience overdose symptoms. As we interpret the language in Webster, supra, there is nothing therein which indicates to us that it is a necessary and essential element in order for the exigency rule to apply that the victim must actually be on the premises where the drugs were located. There is no dispute between the parties that an emergency existed. The fact that the victim was confined to a hospital and not in the premises of the appellant does not render the rule inapplicable.
As stated, the trial court sentenced appellant to serve three years in the penitentiary after finding him guilty of the offenses charged in Counts 1, 2 and 3. Under our ruling in Haddon v. State, Fla. App.2d, 1975, 307 So.2d 238, this is considered to be a general sentence and, therefore, invalid. See Darden v. State, Fla. App.2d, 1975, 306 So.2d 581. For this reason, we have no alternative but to vacate the sentence.
The judgment is
Affirmed, but the case is remanded for proper sentencing.
HOBSON, Acting C.J., and SCHEB, J., concur.