GRIMES, Judge.
On July 31, 1971, appellant pled guilty to a charge of entering without breaking with intent to commit a misdemeanor, to wit: petit larceny. As a result he was placed on probation for four years. His' probation was later extended by an additional three years because of a conviction for driving while intoxicated. On September 21, 1973, appellant’s probation was revoked because he pled guilty to a charge of breaking and entering. He was sentenced to five years imprisonment.
It appears that prior to being placed on probation appellant had been in jail for a period of time. At that time it was discretionary with the court whether to give credit for previous jail time. Fla.Stat. § 921.161(1) was later amended to require the court to allow the defendant credit for *119 the time he spent in jail before sentencing. Since the sentencing took place after the statute was amended, appellant was entitled to his jail time credit. See Sharp v. State, Fla.App.4th, 1974, 303 So.2d 56.
The order revoking probation is affirmed, but this cause is hereby remanded to the trial court with directions to amend the sentence to give appellant credit for the time he spent in jail before he was placed on probation. Appellant need not be returned to the court for this purpose.
HOBSON, A. C. J., and BOARDMAN, J., concur.