315 So.2d 225 (1975)
Milton R. FARMER, Appellant,
v.
STATE of Florida, Appellee.
No. 74-930.
District Court of Appeal of Florida, Second District.
June 25, 1975.
Rehearing Denied July 23, 1975.
*226 Milton R. Farmer, pro se; James A. Gardner, Public Defender, and Harold H. Moore, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant Farmer was charged with attempted armed robbery; possession of a firearm while committing or attempting to commit a felony, to wit: armed robbery; and conspiracy to commit a felony punishable by life imprisonment. Upon conviction, the trial judge adjudged Farmer guilty and, treating the charges as a single transaction, sentenced him to fifteen years imprisonment. This appeal followed. Oral argument has been dispensed with pursuant to Rule 3.10(e), Florida Appellate Rules.
Farmer contends that he was denied effective assistance of counsel in the court below. The question of adequacy of representation by counsel cannot be raised for the first time on direct appeal where the matter had not been previously ruled on by the trial court. State v. Barber, Fla. 1974, 301 So.2d 7.
Farmer next contends that the evidence adduced by the prosecution was insufficient to support a conviction for attempted robbery. We disagree.
One of the participants, Bell, testified that he met Farmer in Ft. Myers and the two agreed to commit armed robbery. After obtaining a shotgun from Farmer's house and picking up Bowen, a friend of Farmer, they drove to LaBelle and parked near the Big "V" store. The shotgun was taken out of the car and placed by a tree. Farmer remained in the car while Bell and Bowen went into the store. Bell walked outside, secured the shotgun and had started back towards the store when some "guys" pulled up. Bell testified:
"Well, when these guys pulled up they jumped back in the car and I ran down the block someplace and I paused for a second and at that time the police came around and surrounded me."
The conduct of appellant and his companions amounts to an overt act, which went beyond mere planning or the preparatory stage. They had the intent to commit the crime which would have been completed except for the interruption by circumstances independent of the will of the attempters. Gustine v. State, 1923, 86 Fla. 24, 97 So. 207; Groneau v. State, Fla. App.4th 1967, 201 So.2d 599.
We have considered the other points raised by Farmer and have found them to be without merit.
Although not raised on appeal, one other matter deserves discussion. The lower court imposed a general sentence of fifteen years, treating the charges as a single *227 transaction. We have heretofore held in Darden v. State, Fla.App.2d 1975, 306 So.2d 581, that the imposition of a general sentence on two or more offenses is reversible error. See also Haddon v. State, Fla.App.2d 1975, 307 So.2d 238.
The judgments are, therefore, affirmed, but the general fifteen-year sentence is hereby vacated and the cause is remanded for correct sentencing. On remand, we are certain that the trial judge will consider that the charges of attempted robbery and possession of a firearm while attempting to commit that robbery are part of the same transaction. Cone v. State, Fla. 1973, 285 So.2d 12. Only one sentence is appropriate, therefore, and that for the higher offense. We remind the trial court also that the offense of conspiracy is a separate offense and a separate sentence should be entered on this charge.
Reversed and remanded.
McNULTY, C.J., and BOARDMAN, J., concur.