PER CURIAM.
Appellant pled guilty to eleven drug related charges contained in four in-formations. He was given consecutive three year sentences on each of the four informations. While the judgments are hereby affirmed, these general sentences must be set aside pursuant to Darden v. State, Fla.App.2d, 1975, 306 So.2d 581.
We note that following the filing of the notices of appeal, the lower court entered an order which had the effect of reducing the total of appellant’s sentences. Upon remand, the court can enter such new sentences as may be deemed advisable, thereby obviating any question concerning the validity of the order entered below while these cases were on appeal.
We call to the court’s attention the recent case of Williams v. State, Fla.1975, 316 So.2d 267, which emphasizes the need for the court to determine the factual basis for the pleas. In so doing the question of whether some of the sale and possession charges fall within the single transaction *523 provisions of Caivano v. State, Fla.App.2d, 1973, 276 So.2d 245, can be resolved. At the same time, the court should make certain that the sentences on the two charges of possession of less than five grams of marijuana do not exceed the one year maximum prescribed by law.
The judgments are affirmed, but the sentences are vacated and the cases are remanded for resentencing.
BOARDMAN, Acting C. J., and GRIMES and SCHEB, JJ., concur.