HOBSON, Acting Chief Judge.
We have carefully considered the record on appeal and the briefs of counsel and find that appellant has failed to demonstrate reversible error.
Although not raised on appeal, the written sentence order incorrectly imposed a general sentence on both offenses charged in a two-count information. We have held such general sentences to be invalid. Darden v. State, Fla.App.2d 1975, 306 So.2d 581; Haddon v. State, Fla.App.2d 1975, 307 So.2d 238; Long v. State, Fla.App.2d 1975, 310 So.2d 35; Farmer v. State, Fla.App.2d 1975, 315 So.2d 225.
At the sentencing proceedings the trial judge stated he could not sentence appellant on both counts, and actually sentenced him on Count I only.
The cause is remanded to the trial court for the purpose of entering a corrective sentence for sale of a controlled substance in violation of § 893.13 F.S. (1973). Since this was the actual intention of the trial judge, this action may be taken without the appellant appearing before the court.
The judgment is affirmed and the cause is remanded with directions.
BOARDMAN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.