PER CURIAM.
Appellant was charged in a two-count information with assault to murder (first degree) with a deadly weapon and having or using a firearm while in the commission of a felony. Appellant pled nolo contendere to both counts. Following a presentence investigation, the court adjudicated appellant guilty and sentenced him to five years imprisonment as to Count One (assault to murder). The trial judge adjudged appellant guilty as to Count Two (use of firearm) and, noting that the sentence in Count Two would be merged into the sentence on Count One, placed Count Two on the absentee docket.
The firearm used in commission of the offense charged in Count Two was the same weapon used during the commission of the assault charged in Count One. It is now well settled by case law of this state that where two offenses are facets of the same criminal transaction, the court can only impose one sentence and that for the higher offense after conviction for both offenses. Hence, any sentence imposed as to Count Two is improper.
Accordingly, the trial court is directed to correct its records by deleting from the judgment and sentence the reference as to Count Two being placed on the absentee docket. In all other respects the judgments and sentence are
AFFIRMED.
McNULTY, C. J., and HOBSON and BOARDMAN, JJ., concur.