PER CURIAM.
Appellants were jointly charged in a two-count information with (1) robbery and (2) use of a firearm in the commission of a felony, to wit: robbery. Tried jointly before a jury, all were convicted and sentenced and their respective appeals have been consolidated here.
Upon consideration of the record and briefs, we conclude that reversible error has not been shown and the respective judgments are severally affirmed.
Appellants — Eubanks and Carter were sentenced to a term of twenty years on both counts, while appellant — Williams was sentenced to thirty years on the same two counts. The trial court did not specify which portion of the respective sentences was to be served on each count. It has been held that such a sentence constitutes an impermissible “general sentence,” Landers v. State, 315 So.2d 522 (Fla.App.2nd 1975); Griffin v. State, 315 So.2d 486 (Fla.App.2nd 1975); Farmer v. State, 315 So.2d 225 (Fla.App.2nd 1975); Haddon v. State, 307 So.2d 238 (Fla.App.2nd 1975); Darden v. State, 306 So.2d 581 (Fla.App. 2nd 1975). It has also been held that where one is charged in a dual-count in *509 formation with (1) robbery, and (2) the use of a firearm in the commission of a felony, to wit: robbery, and it is shown that the two crimes are a part of the same criminal act, as was the case here, only one sentence should be imposed, that for the higher offense. Cone v. State, 285 So.2d 12 (Fla. 1973). We are satisfied that here, the trial court being aware of the requirement of the Cone case, supra, imposed a single sentence for the higher offense, robbery. We construe the respective sentences in that light and as thus construed no error is shown and the respective sentences are therefore severally affirmed.
AFFIRMED.
WALDEN, C. J., and CROSS and OWEN, JJ., concur.