PER CURIAM.
Appellant was convicted of attempted robbery, conspiracy to commit a felony punishable by life imprisonment, and possession of a firearm during an attempted felony. He received a 15 year general sentence and appealed the convictions and sentence. This court affirmed the convictions but vacated the general sentence noting that only one sentence was appropriate for the attempted robbery and use of a firearm while attempting to commit a felony since they were facets of the same transaction. Farmer v. State, Fla.App.2d 1975, 315 So.2d 225.
On remand, the trial court sentenced appellant to 15 years on the firearm count, to 5 years for attempted robbery (to be served concurrently) and to 15 years for conspiracy (also to be served concurrently). Appellant again appeals contending that the imposition of sentences for both attempted robbery and use of a firearm while attempting to commit a felony is improper since both are facets of the same criminal transaction.
We agree that the concurrent sentence for attempted robbery was improper. See Cone v. State, Fla.1973, 285 So.2d 12; Union v. State, Fla.App.2d 1975, 322 So. 2d 643; Benton v. State, Fla.App.2d 1976, 330 So.2d 203.
Accordingly, the trial court is directed to vacate and set aside the concurrent sentence for attempted robbery; otherwise the sentences are affirmed.
HOBSON, Acting C. J., and GRIMES and SCHEB, JJ., concur.