PER CURIAM.
Appellant was charged in a two count information with robbery and using a firearm in the commission of a felony, to wit: robbery. A jury trial culminated in verdicts of guilty as charged in each count of the information. The court adjudicated appellant guilty of robbery and using a firearm in the commission of a felony and sentenced him to five (S) years imprisonment, less the time spent in the Pinellas County jail.
 The firearm used in the commission of the offense charged in Count II was the same weapon used during the commission of the robbery charged in Count I. It is now settled case law of this state that where two offenses are facets of the same criminal transaction, the trial court can only impose sentence for the higher offense following conviction for both offenses. Hence, any sentence imposed herein as to the use of a firearm while in the commission of a felony conviction is improper. Cone v. State, Fla.1973, 285 So.2d 12.
Further, the five year sentence imposed herein is a general sentence and thus unlawful. Darden v. State, Fla.App.2d 1975, 306 So.2d 581; Haddon v. State, Fla.App.2d 1975, 307 So.2d 238.
Accordingly, the judgments are affirmed, but the general five (5) year sentence is hereby vacated and the case remanded for resentencing on the judgment of guilt for the offense of robbery. Further, the judgment and sentence entered by the lower court states that appellant entered a plea of guilty, whereas the record affirmatively reflects that appellant pled not guilty and a jury trial was held which culminated in verdicts of guilty. Thus, the trial court is hereby directed to correct the judgment and sentence to indicate that appellant was found guilty by a jury of the offenses charged. In all other respects the judgments are affirmed.
HOBSON, Acting C. J., and GRIMES and SCHEB, JJ., concur.