PEARSON, Judge.
Bernard Dorfman was found guilty on nine accounts of lewd and lascivious assault on female minors. After the entry of judgment, the court entered an order withholding the entry of sentence and committed the defendant to the South Florida State Hospital for treatment and rehabilitation as a mentally disordered sex offender, pursuant to Fla.Stat. § 801.03. In addition, the court ordered the defendant placed on probation to begin upon his release from the hospital. After release, the defendant violated his probation. A hearing was had at which probation was revoked and defendant sentenced to three years in the state penitentiary with "credit to be given you for time served in the Dade County Jail prior to sentencing, to wit: ONE HUNDRED SIXTY FOUR (164) DAYS.”
On this appeal, it is urged that the sentence is illegal and that if the sentence is legal, it is improper because the court failed to give the defendant full credit for the time spent in the county jail and in the South Florida State Hospital.
The first point presented by appellant attacks the legality of the sentence upon the ground that it is a general sentence for nine different crimes as has been forbidden by the holding of the Court of Appeal, Second District, in Darden v. State, Fla.App.1975, 306 So.2d 581. Darden v. State and cases following that holding were concerned with a general sentence for a total term greater than the maximum of one count but less than the aggregate of the maximum of all counts. In the instant case, the defendant was found guilty of nine counts of lewd and lascivious assault on female minors in violation of Fla.Stat. § 800.04. Each violation was punishable by imprisonment by not more than ten years. The general sentence of three years was not greater than the maximum of one count. In addition, each crime was a violation of the same statute. Therefore, the holding in Darden is not applicable here. Cf. Benson v. U. S., 332 F.2d 288 (5th Cir. 1964).
Appellant’s second point urging that the court erred in failing to give sufficient credit for time served prior to imposition of the sentence must be considered in three sections. The first of these is the time after the release from the hospital until the time of sentencing. The trial court gave defendant credit for 164 days. The State concedes that because of a mathematical error, the proper credit for this time was 169 days. We need not discuss this time period further.
*483 The second period of time with which we are concerned is the time served by the defendant in the county jail between his arrest on the charge and the imposition of hospitalization and probation. The decisions with regard to this period are complicated by the fact that there was a change in the statute allowing credit prior to sentencing. At the time that the crimes were committed and at the time that sentence was withheld, it was discretionary with the court to allow a defendant credit for all or part of the time he spent in the county jail before sentence.[1] The statute, at the time of the imposition of the sentence upon revocation of probation, required the court to give credit for all time spent in jail awaiting disposition of the charges against him.[2]
The trial court applied the statute in effect at the time of the commission of the crime and declined to give the defendant credit for time spent in jail prior to being sent to the hospital. The Fourth and Second District Courts of Appeal have considered similar situations in Sharp v. State, Fla.App.1974, 303 So.2d 56, and Nash v. State, Fla.App.1975, 313 So.2d 118, respectively. In each case, the court held that the defendant was entitled to credit for the time spent in jail prior to the revocation of his probation. The State concedes the holding of these cases but urges that the basis for them has been overruled by the Florida Supreme Court in Lee v. State, Fla. 1974, 294 So.2d 305, in that the Sharp and Nash decisions are based upon the holding of the First District Court of Appeal decision in State v. Lee, Fla.App. 1973, 286 So.2d 596, which was overruled by the Florida Supreme Court in the first cited Lee decision. We have examined the cited cases and hold that the Nash and Sharp decisions are still controlling in the circumstances presented here. Therefore, we find that the trial court committed error in failing to grant credit to the defendant for the fifty days he was incarcerated prior to being committed to the hospital.
The third period of time with which we are here concerned is the time that the defendant spent in the South Florida State Hospital. The appellant urges that one committed as a mentally disordered sex offender remains committed until the court determines that the individual has recovered from the disorder and, therefore, this period of time constitutes a “confinement” as generally understood by the law and as supported by the axiom that “all jails look the same from the inside.” See Voulo v. Wainwright, Fla.1974, 290 So.2d 58, 59. The statute with which we are here concerned is Fla.Stat. § 921.-161(1), above quoted, which uses the words “but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence.” We hold that time spent in the state hospital in an attempt to affect a cure for a sex offender is not time spent in the county jail. Therefore, we hold that the trial court did not err in refusing to allow credit against the three year sentence for the time spent in South Florida State Hospital.
Affirmed in part, reversed in part and remanded with directions to enter an *484 amended sentence granting the defendant credit for the time spent in the county jail as follows: (1) five days (with regard to which the State concedes error) and (2) fifty days for the time spent in the county jail prior to the order directing treatment in the South Florida State Hospital.
Affirmed in part, reversed in part and remanded.

. Florida Statute § 921.161 (1971) provided in pertinent part as follows:
“921.161 Sentence not to run until imposed ; credit for county jail time after sentence; certificate of sheriff
“(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence may allow a defendant credit for all or part of the time he spent in the county jail before sentence. The credit must be for a specified period of time. The credit may be provided for in the sentence or by order during the term of court when the sentence is imposed.”

. Florida Statutes § 921.161(1), eff. May 28, 1973, provides:
“A sentence of imprisonment shall not begin to run before the date is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.”