A. B. CURRY, as City Manager of the City of Miami, et al., v. L. G. HAMMOND.

16 So. (2nd) 523                                    January Term, 1944
February 8, 1944                                          En Banc

*J. W. Watson, Jr.,* for appellants.

*E. F. P. Brigham,* for appellee.

ADAMS, J.:

In Hammond v. Curry, et al., 153 Fla. 245, 14 So. (2nd) 390, we reversed a judgment upholding a suspension order against appellee but permitted the city to file an answer on any defense other than such as might have been concluded by that appeal.

Thereafter the mandate went down and the appellant filed an answer showing compliance with the mandate by reinstating appellee and further alleging that appellee's status as a patrolman was that of an employee and not an officer. The purpose being to set off any earnings of appellee while he had been allegedly suspended.

The question for us to decide is whether appellee, a patrolman on the Miami Police Department, was an officer or an employee.

This Court has defined and distinguished the term officer and employee. See State of Florida ex rel. Clyatt v. Hocker,

Judge, 39 Fla. 477, 22 So. 721; State ex rel. Holloway v. Sheats, 78 Fla. 583, 83 So. 508; State ex rel. Dresskell v. City of Miami, et al., 153 Fla. 90, 13 So. (2nd) 707; Glendinning v. Curry, City Manager, et al., 153 Fla. 398, 14 So. (2nd) 794.

It can hardly be questioned that a patrolman on a city police force is clothed with sovereign power of the city while discharging his duty. In that even his status is that of an officer under the above cited cases. Appellant contends that insofar as the patrolman's relationship to the public is concerned he is an officer but as between the patrolman and the city he is an employee of the city but he is also an officer. It is the character of duty performed that must determine his status.

The lower court was correct in holding appellee an officer and the judgment is affirmed.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS and SEBRING, JJ., concur.

TERRELL, J., not participating.