KNOTT, JAMES R., Associate Judge.
The question presented in this appeal is whether a policeman requires certification under Sec. 23.069(2), Florida Statutes, to attain the status of an officer, as distinguished from an employee of a municipality, in an action for damages against the employer City. The lower court answered in the affirmative. We reverse.
The City of North Lauderdale, defendant below, hired plaintiff-appellant Frank Maudsley as a police officer in February 1971. Maudsley was never certified by the police standards board, a state agency, as required by the statute cited above. He was fired on November 11, 1971, and subsequently brought this action for damages. The lower court ruled that the City had not lawfully terminated Maudsley’s employment and that, as a result, he was entitled to his salary from November 11, 1971, to December 19, 1972. That ruling is not *305 contested here. However, the court further ruled that Maudsley’s status had been that of an employee, rather than an officer of the City, and as such his damages recoverable from the City were reduced by the extent of the sums received from other employment during the thirteen-month period.
In Florida an employee of a city must mitigate his damages; an officer may recover full damages regardless of amounts received from other sources. Rubin v. Shapiro, 198 So,2d 854 (3d D.C. A.Fla. 1967). The City contends that an officer is distinguished from an employee by the fact that his authority is conferred by law, and since Maudsley was never certified as required by law, it follows, ipso facto, that he cannot be considered to have been an officer. This contention cannot be sustained. The nature of the work performed by a police officer establishes his status. Curry v. Hammond, 154 Fla. 63, 16 So.2d 523 (Fla.1944). At all times from the inception of his employment in February 1971 until his dismissal on November 11 of that year, Maudsley acted as a police officer, and was always regarded as such by the City and its citizens. For a time he was acting Police Chief.
“It can hardly be questioned that a patrolman on a city police force is clothed with sovereign power of the city while discharging his duty. In that event his status is that of an officer ... It is the character of the duty performed that must determine his status.” Curry v. Hammond, supra.
The exercise of the City’s sovereign power is one of the main factors distinguishing officers from employees. Glendinning v. Curry, 153 Fla. 398, 14 So. 2d 794 (Fla. 1943). It is not the satisfaction of the certification requirements that creates the distinction, but the authority to exercise the police power. Curry v. Hammond, supra. Maudsley was an officer. He easily conformed to the definition of a police officer found in Sec. 23.061(1), F. S.:
“ ‘Police officer’ means any person employed full-time by any municipality . whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state.”
The lower court erred in ruling that appellant was an employee and requiring him to set off his wages earned against the damages recoverable by him from the City. Accordingly, the judgment is reversed and the cause remanded with directions to enter a judgment for appellant for the full salary to which he was entitled from the date of his wrongful discharge on November 11, 1971 to December 19, 1972, without reduction or mitigation for other income earned during said period of time. The trial court is also directed to take further testimony if it be deemed necessary to a proper disposition of the case.
Reversed.
WALDEN and DOWNEY, JT-, concur.