PER CURIAM.
These consolidated appeals arise out of the same trial in which the three defendants, De Castro, Alvarez and yinales, pled nolo contendere to multiple counts of bookmaking,[1] and reserved the right to appeal their motions to suppress evidence. The same points raised in these motions are now before us on appeal.
Each defendant contends that the trial court erred in denying his motion to suppress the evidence procured by the State pursuant to orders for the interception of wire communications entered under author *571 ity of Section 934.09, Florida Statutes (1977). In this regard, it is argued that the trial court should have suppressed all the evidence procured by the State by the use of wiretaps because there was an unexcused delay between the time of authorization and the time of execution of the order. The relevant portion of Section 934.09(5), Florida Statutes (1977), provides:
* * * * * *
“Every order and extension thereof shall contain a provision that the authorization to intercept shall be executed as soon as practicable ...”
******
The defendants do no more than claim that this was not done. There is no showing from the record that there was any purposeful delay. On the contrary, the police work appears to have been expeditiously carried out, especially in view of the limited manpower shown to be available.
The defendants also argue that the police officers, in their first application, did not show probable cause for the issuance of the order of authorization and, therefore, that this and each of the succeeding orders were improperly entered. Tested by the standards defined in Rodriguez v. State, 297 So.2d 15 (Fla.1974), and applied by this court in Churney v. State, 348 So.2d 395 (Fla. 3d DCA 1977), the information supplied to the issuing judge was clearly sufficient to show probable cause for the issuance of the orders.
Lastly, it is argued that the evidence procured as a result of some of the orders of authorization issued after August 11, 1977, should have been suppressed because the officers making the applications were City of Miami police officers acting temporarily as investigators for the Office of the State Attorney in Dade County.[2] The defendants argue that the appointment of police officers of the City of Miami as investigators for the state attorney’s office for the purpose of executing the wiretap applications was void, as violating the Florida constitutional prohibition against dual office holding.[3]
The factual basis for this point is not disputed. After the investigation, including the wiretaps, had been in progress for some time, the investigating police officers found that in order to complete the investigation, it was advisable to ask the court for permission to tap several telephone numbers outside the city limits. These numbers were frequently called from the telephone upon which authorized taps had been used. A reasonable reading of the legislative act authorizing an application for wiretaps shows that the application should be initiated by the officer or officers conducting the investigation. See Section 934.07, Florida Statutes (1977). The officers sought the cooperation of the Office of the State Attorney in Dade County. Officers Brockmeier and Sparrow were sworn in as investigators for the state attorney, and the affidavits and applications for further wiretaps were executed by them as investigators for the state attorney’s office.
The question thus presented is whether a municipal police officer may legally serve as a temporary investigator for the state attorney or whether such an attempt at cooperation between law enforcement agencies is a violation of the Florida Constitution. We hold that such a temporary appointment for the purpose of carrying out a police investigation is not void. It should be noted that the appointment was for a *572 specific police investigation, carrying with it no remuneration or other accouterment of office of any kind.
The State has referred us to two opinions of the Attorney General of the State of Florida. The first, Florida Attorney General Opinion 071-263 (August 31, 1971), states that an assistant state attorney is not an “officer” within the constitutional provision against dual office holding. The second, Florida Attorney General Opinion 072-213 (July 7, 1972), states that the dual office prohibition of the Florida Constitution does not prohibit the temporary appointment of state, county or municipal law enforcement officers as deputy U.S. marshals. The latter opinion was based on the previously published opinion of the Florida Attorney General that deputy sheriffs are not state officers.
While we do not exclude the grounds stated in these opinions by the Office of the Attorney General of the State of Florida, we do hold that the appointments of Officers Brockmeier and Sparrow as state attorney investigators were not void as a violation of Article II, Section 5(a) of the Florida Constitution, because that section does not apply to temporary appointment for law enforcement purposes where no additional remuneration is paid to the police officer. We think that it is clear that the constitutional language is directed toward an accumulation of officers for the private benefit of the officeholder. Even though the broad prohibition advanced by the defendants could possibly be read into the Florida Constitution, we find that nothing in the wording of the prohibition so dictates. Where a constitutional provision is susceptible to more than one meaning, the meaning adopted by the legislature is conclusive. See Greater Loretta Improvement Association v. State ex rel. Boone, 234 So.2d 665 (Fla.1970). In the present instance, the legislature, by the enactment of Section 27.251, Florida Statutes (Supp.1978), has chosen specifically to authorize the appointment of municipal police officers for some purposes as investigators for the state attorney. Although this statute was enacted subsequent to the matters presently before us, the legislature has thus construed the applicable section of our state constitution as one which does not prohibit dual office holding on a temporary basis without remuneration for the purpose of criminal investigation.
Inasmuch as both the legislative interpretation and sound reason support the view that the temporary appointments of Officers Brockmeier and Sparrow do not violate the constitutional prohibition against dual office holding, we hold that no error has been shown in their execution of the applications for orders authorizing the wiretaps.
Finding that no error has been presented, we affirm the judgments and sentences appealed.
Affirmed.

. Section 849.25, Florida Statutes (1977).

. Office of the State Attorney of the Eleventh Judicial Circuit of Florida. See § 27.01, Fla. Stat. (1977).

. Article II, Section 5(a), of the Florida Constitution provides:
No person holding any office of emolument under any foreign government, or civil office or emolument under the United States or any other state, shall hold any officer of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers.