394 So.2d 993 (1981)
Juan VINALES, Antonio Luis Alvarez, and Jose Fernandez De Castro, Appellants,
v.
STATE of Florida, Appellee.
No. 57782.
Supreme Court of Florida.
February 19, 1981.
Richard A. Beiley, Lawrence E. Besser and Benedict P. Kuehne of Bierman, Sonnett, Beiley & Shohat, Miami, for appellants.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., Miami, for appellee.
McDONALD, Justice.
This is a direct appeal from the Third District Court of Appeal, 374 So.2d 570 (Fla. 3d DCA 1979), in which the appellants' convictions for bookmaking were affirmed. The district court initially and directly construed article II, section 5(a) of the Florida Constitution; we have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
The question before the Court is whether a temporary nonpaying appointment of two City of Miami police officers as investigators of the State Attorney for the 11th Judicial Circuit for the purpose of completing a valid investigation violated *994 the article II, section 5(a) prohibition against dual office holding.[*] We hold that it did not and adopt the following language from the district court opinion:
[T]hat section does not apply to temporary appointment for law enforcement purposes where no additional remuneration is paid to the police officer. We think that it is clear that the constitutional language is directed toward an accumulation of officers [sic] for the private benefit of the officeholder. Even though the broad prohibition advanced by the defendants could possibly be read into the Florida Constitution, we find that nothing in the wording of the prohibition so dictates. Where a constitutional provision is susceptible to more than one meaning, the meaning adopted by the legislature is conclusive. See Greater Loretta Improvement Association v. State ex rel. Boone, 234 So.2d 665 (Fla. 1970). In the present instance, the legislature, by the enactment of Section 27.251, Florida Statutes (Supp. 1978), has chosen specifically to authorize the appointment of municipal police officers for some purposes as investigators for the state attorney. Although this statute was enacted subsequent to the matters presently before us, the legislature has thus construed the applicable section of our state constitution as one which does not prohibit dual office holding on a temporary basis without remuneration for the purpose of criminal investigation.
Inasmuch as both the legislative interpretation and sound reason support the view that the temporary appointments of Officers Brockmeier and Sparrow do not violate the constitutional prohibition against dual office holding, we hold that no error has been shown in their execution of the applications for orders authorizing the wiretaps.
Id. at 572.
The convictions are affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
NOTES
[*] Art. II, § 5(a), Fla. Const.

No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers.