BOARDMAN, Acting Chief Judge.
We affirm the judgments and sentences on each and every count against each appellant, all of the issues raised by appellants being without merit.
Only one subissue merits discussion. Appellants challenge the validity of a wiretap on the telephone of three of appellants on several grounds, one of which is that the St. Petersburg police, who conducted the wiretap, were acting beyond their jurisdiction, since the tap was operated in Largo.
However, the lead investigative officer involved, St. Petersburg Detective Martin, testified without contradiction that he was also a deputy sheriff. We hold that, this being the case, Martin was not outside his jurisdiction in conducting the wiretap.
Appellants argue, however, that if Detective Martin was acting as both a St. Petersburg police officer and a deputy sheriff, he was in violation of Article II, Section 5(a), Florida Constitution (1968), which prohibits dual office holding. It is true that the term “office” as used in article II, section 5(a), see State ex rel. Holloway v. Sheats, 78 Fla. 583, 83 So. 508 (Fla.1919), has been applied to both municipal police officers, Curry v. Hammond, 154 Fla. 63,16 So.2d 523 (Fla.1944), and deputy sheriffs, Blackburn v. Brorein, 70 So.2d 293 (Fla.1945); Johnson v. Wilson, 336 So.2d 651 (Fla. 1st DCA 1976). Nevertheless, we conclude that the “dual office holding” here is permissible under Vinales v. State, 394 So.2d 993 (Fla.1981). There the issue involved Miami police officers who received temporary unpaid appointments as state attorney investigators, and our supreme court relied on both the temporary nature of the investigator appointments and the fact that these latter positions were unpaid to support its holding that it was not improper for a person to hold both positions. Here the dual appointment was apparently not tern- *869 porary. This distinction notwithstanding, we believe that inasmuch as Martin was not paid for acting in the capacity of a deputy sheriff, he was not in violation of Article II, Section 5(a) of the Florida Constitution.
Accordingly, appellants’ judgments and sentences are AFFIRMED.
OTT and DANAHY, JJ., concur.