BOARDMAN, Acting Chief Judge.
The state appeals an order granting the motion to suppress the evidence against them filed by appellees Robert William Campbell, David George Campbell, Larry Wayne Campbell, Vernon Eugene Measeis, and Jose Arwood Urive.
The motion to suppress was predicated on the assertion that appellees’ arrests and the concomitant seizure of evidence were improper because they occurred outside the jurisdiction of the arresting officers. We reverse.
Undercover narcotics detective Douglas Bieniek of the Tampa Police Department testified that he was the “money man” in the narcotics investigation involving appel-lees and was the partner of another undercover narcotics agent of the Tampa Police Department, Detective Ronald Mock. One Chuck Ivey informed Bieniek or Mock that the Campbells out on Hutchinson Road in Hillsborough County had access to a substantial amount of marijuana, which might or might not have been located on their property. A few days prior to January 28, 1981, Mock purchased one pound of marijuana from appellees. Afterwards the officers discussed obtaining a search warrant for the Campbell property but concluded that a large amount of marijuana was not located on the property at that time.
On the evening of January 28,1981, Mock and David George Campbell approached Bieniek at a convenience store. Bieniek showed Campbell his money. It was agreed that Mock and Campbell would go back to the Campbell residence and, once Mock had seen the marijuana, he would contact Bien-iek at a pay phone number. Neither Bien-iek nor Mock indicated to Campbell that they were police officers. Mock went to Campbell’s house, where he engaged in conversations with all of appellees except Larry Wayne Campbell regarding trafficking 125 pounds of cannabis. Mock then called Bieniek. When Bieniek arrived and other backup police units came in, appellees were arrested.
Bieniek testified that he had been appointed a special deputy sheriff with the Hillsborough County Sheriff’s Department in December of 1980. He took and signed an oath and executed a surety bond. Bien-iek’s identification card as a special deputy is signed by himself and Sheriff Heinrich and indicates that he is allowed to so act if he remains a member of the Tampa Police Department and performs his work as a special deputy in accordance with Section 30.09(4)(b), Florida Statutes. Mock was also a deputy sheriff, had followed the same procedure as Bieniek, and had a similar identification card.
Bieniek testified that as a matter of procedure the Tampa Police Department notifies the Hillsborough County Sheriff of an operation in the county and asks the sheriff if he would like to have his department participate. In this case, the sheriff declined. At the time of the arrests, all of the officers involved were from the Tampa Police Department and were wearing jackets identifying them as such except for the undercover detectives. The officers here were not paid as special deputies, but, when outside the city limits, they operated as special deputies. Bieniek was also a special deputy in Hernando and Pasco Counties and had made arrests outside the City of Tampa in the past.
The trial court granted the motion to suppress on the basis of its conclusion that the officers’ appointments as special deputies were “merely a subterfuge in which to allow the City of Tampa to go into the County.” We disagree.
Rampil v. State, 422 So.2d 867 (Fla. 2d DCA 1982), is controlling here. There we held that a St. Petersburg police officer who conducted a wiretap in a narcotics investigation in Largo was not outside his jurisdiction when the evidence established without contradiction that he was also an *767 unpaid deputy sheriff, despite the fact that there, as here, the appointment was not temporary. Here, as in Rampil, the evidence was sufficient to establish that the statutory appointment procedures were followed, and this evidence, although called into question by the defense, was not rebutted.
Since, under Rampil, the officers were within their jurisdiction when they arrested appellees and seized the evidence in question, their actions were proper, and the trial court erred in suppressing the evidence.-
Accordingly, the trial court’s suppression order is REVERSED and the cause REMANDED for further proceedings.
GRIMES and RYDER, JJ., concur.