Mr. Albert R. Cook City Attorney City of Longwood 394 South U.S. Highway 17-92 Post Office Box 895 Casselberry, Florida 32707
Dear Mr. Cook:
This is in response to your request for an opinion on substantially the following question:
 DOES A SWORN MUNICIPAL POLICE OFFICER WHO SERVES PART-TIME HOLD AN "OFFICE," AND IS HE AN "OFFICER," AS THOSE TERMS ARE USED IN SECTION 5, ARTICLE II OF THE FLORIDA CONSTITUTION, WHICH PROHIBITS DUAL OFFICEHOLDING?
Your letter of inquiry states that a member of your city's board of adjustment also serves the city as a part-time municipal police officer. You also state that this individual is a sworn police officer who, when on duty, is authorized to carry a weapon and to make arrests. You additionally note that the extent of his duties is limited and that he performs such duties only a few hours per month. Your letter also notes your concern that this individual's appointment to and service in these two positions simultaneously might involve the constitutional prohibition against dual officeholding.
For the following reasons, your question is answered in the affirmative.
Section 5(a), Art. II of the State Const., provides in pertinent part:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers. (e.s.)
Thus, s 5(a) of Art. II prohibits a person from simultaneously holding more than one "office" under the government of the state and the counties and municipalities therein. This constitutional provision does not define the terms "office" or "officer" for its purposes, or draw any distinction between part-time or full-time police officers or make any exceptions therefor, such as the exception made for service by any officer on a statutory body having only advisory powers. The rule expressio unius est exclusio alterius therefore applies and no other exceptions from the operation of s 5 of Art. II may be implied. See, e.g., Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); Dobbs v. Sea Isle Hotel, Inc., 56 So.2d 341 (Fla. 1952). As indicated in your inquiry, a position on the board of adjustment is an office and such board is not within the exception made for an officer's services on statutory bodies having only advisory powers. Therefore, the remaining consideration is whether a sworn, part-time police officer is an officer within the purview of s 5, Art. II, State Const.
The Florida Supreme Court has stated, in construing the term "office," that the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority." State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919); see also, AGO 69-2 and authorities cited therein.
Numerous opinions of the Attorney General have indicated that a law enforcement officer, such as a municipal police officer, is an "officer" within the scope of the dual officeholding provision. Cf., AGO's 57-165, 58-26, 69-2, 71-167, 72-348, 76-92; see also, Curry v. Hammond, 16 So.2d 523 (Fla. 1944) (noting that a patrolman on a city police force is clothed with the sovereign power of the city); AGO 77-89 and authorities cited therein. Cf., Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954).
Additionally, AGO 77-63 concluded that a part-time auxiliary or certified reserve police officer is an "officer" within the purview of the constitutional prohibition against dual officeholding. Compare, Vinales v. State, 394 So.2d 993 (Fla. 1981) (holding that s 5[a], Art. II, did not apply to the appointment of two municipal police officers as state attorney investigators, since the appointment was temporary and no additional remuneration was paid to such municipal police officers for performing such additional criminal investigative duties), and Case Nos. 81-365, 81-366, 81-408 to 81-414, 81-418, 81-606, 81-879, 81-1015 to 81-1022, 81-1229 and 81-1230, 422 So.2d 868 (2 D.C.A.Fla., 1982) (following the Vinales exception and concluding that it did not violate the dual officeholding provision for a city police officer, in conducting a wiretap, to act in the capacity of a deputy sheriff, since that officer received no remuneration for such duties). From the description of the part-time police officer's duties contained in your letter, it appears that those duties are performed on a periodic and regular basis, and not on a temporary one, and thus would probably not fall within the Vinales exception. Additionally, the Vinales exception deals with the performance of additional law enforcement functions and duties in a police capacity and not the exercise of governmental power or performance of official duties on a disparate municipal board exercising and performing quasi-judicial power and duties.
In summary, it is my opinion, until judicially determined otherwise, that a sworn municipal police officer who serves part-time holds an "office" and is an "officer" for purposes of s 5, Art. II, State Const.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General