477 So.2d 1068 (1985)
Elizabeth C. CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-327.
District Court of Appeal of Florida, Second District.
October 25, 1985.
*1069 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The state charged defendant Elizabeth Campbell with possession of cocaine, marijuana, and drug paraphernalia. After the trial court denied her motion to suppress the physical evidence seized from her home, she pled nolo contendere reserving the right to appeal the denial of her motion. The trial court withheld adjudication of guilt and placed her on three years probation. This appeal by defendant ensued. We affirm in part and reverse in part.
At the suppression hearing, only Officer C.R. Clayton of the St. Petersburg Police Department and paramedic James Lofton of the city's fire department testified. Their testimony revealed the following relevant facts.
Defendant called an emergency number reporting that she had overdosed on cocaine. Lofton and two other paramedics were dispatched to her residence. When they arrived, she was sitting on her front porch and told them she had possibly used some bad cocaine. Since it was late at night, the paramedics took defendant into her living room. Lofton said that, in this type of emergency, the police are automatically dispatched at the same time as the paramedic unit. The reason for this procedure is that persons needing treatment may pose a danger to themselves and the paramedics. Police officers arrived after the paramedics had taken defendant inside her house. Lofton said the defendant repeatedly told the police she did not want them inside.
Officer Clayton said that he was dispatched to defendant's residence in response to a reported drug overdose. When he arrived, Officer Palmisano met him at the front door. Palmisano handed him a cigarette case containing a syringe, cocaine, and marijuana. Palmisano told him he had found the cigarette case inside a corner cabinet of the living room.
Officer Clayton then entered the residence. The defendant told him and the paramedics that she had smoked marijuana, had drunk some wine, and had used cocaine. She appeared to be suffering from a bad reaction. Defendant also said that her two young children were in her home. According to Clayton, she never told him she objected to the police entering her home.
While watching the paramedics assist the defendant in the living room, Officer Clayton glanced into the kitchen and observed *1070 narcotics paraphernalia on the drainboard. The officers remained in the residence until defendant's sister came to take custody of the children.
Defendant argues the search of her home and subsequent seizures of the cigarette case containing contraband and the drug paraphernalia found on the kitchen drainboard were illegal. She contends none of the exceptions concerning warrantless searches apply; therefore, she asserts the trial court erred in refusing to suppress this physical evidence. Concerning the cigarette case containing the cocaine, marijuana, and syringe, we agree; however, we find that the drug paraphernalia found on the kitchen drainboard was properly seized.
Warrantless searches are per se unreasonable, subject only to a few well-delineated exceptions. Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967). One of these exceptions is the emergency situation, sometimes called the "exigency rule." Webster v. State, 201 So.2d 789 (Fla. 4th DCA 1967). Under this exception, the reasonableness of police entry on private property is measured by the existing circumstances. Webster.
The right of police to enter and investigate in an emergency, without an accompanying intent either to seize or arrest, is inherent in the very nature of their duties as peace officers and derives from the common law. United States v. Barone, [330 F.2d 543 (2d Cir.), cert. denied, 377 U.S. 1004, 84 S.Ct. 1940, 12 L.Ed.2d 1053 (1964)]. The preservation of human life is paramount to the right of privacy protected by search and seizure laws and constitutional guaranties; it is an overriding justification for what otherwise may be an illegal entry. It follows that a search warrant is not required to legalize an entry by police for the purpose of bringing emergency aid to an injured person.
Webster, 201 So.2d at 792. See also Johnson v. State, 386 So.2d 302 (Fla. 5th DCA 1980); Long v. State, 310 So.2d 35 (Fla. 2d DCA 1975).
Here, by the time the officers arrived in response to the emergency call, the paramedics had already taken defendant inside the house. Thus, to facilitate their investigation of the emergency, the officers properly entered defendant's living room where the paramedics were assisting her. Since Officer Clayton had the right to enter the residence, his subsequent observance of the drug paraphernalia on the kitchen drainboard fell within the plain view exception to the warrant requirement. See, e.g., State v. Brown, 408 So.2d 846 (Fla. 2d DCA 1982).
While the emergency doctrine justified the police entry into defendant's residence, the doctrine did not justify Officer Palmisano's search of the living room and seizure of the cigarette case. The defendant had reported that she had taken cocaine when she called the emergency number. She also told both the paramedics and the police at the scene the types of drugs she had taken. Thus, unlike Long, a search was not necessary to determine the nature of the drugs so that proper treatment could be administered.
Finally, the testimony did not reveal any circumstances which would have justified Officer Palmisano's seizure of the cigarette case containing the contraband, nor is there any merit to the state's argument that the search was necessary to protect the children. There is no indication that the police officers would have left before defendant's sister arrived to take care of the children.
Accordingly, we hold that the trial court properly denied defendant's motion to suppress as to the drug paraphernalia found on the kitchen drainboard. However, we reverse the court's denial of the motion as it relates to the cigarette case containing the cocaine, marijuana, and syringe. We remand for proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.