SCHEB, Acting Chief Judge.
The state seeks certiorari review of a decision of the Circuit Court of the Sixth Judicial Circuit sitting in its appellate capacity. We grant the petition for writ of certiorari.
The state charged respondent Randall Moses with possession of less than 20 grams of marijuana and possession of drug paraphernalia, both misdemeanors. Moses moved to suppress the contraband as the product of an unlawful search. The county court upheld the search, but on appeal the circuit court held that the evidence should have been suppressed. We believe that in doing so the court departed from the essential requirements of the law.
On August 11, 1984, a jail inmate called the telephone operator to report a drug overdose. The inmate told the operator that “Randy” had taken an overdose of drugs. The inmate also furnished Moses’ address. The operator, in turn, relayed the call to the Pinellas County Sheriff’s Department. Officer Oglairuso of the Indian Rocks Beach Police Department and paramedics were dispatched to Moses’ residence. Apparently, it was department policy to send an officer to accompany paramedics whenever an incident of drug overdose was reported.
When Oglairuso and the paramedics arrived at Moses’ residence, an elderly woman answered the door and directed Oglairu-so and the paramedics to a back bedroom where they discovered Moses lying on a bed. He appeared to have been roused from sleep and possibly intoxicated, but there was no indication that he had overdosed on drugs. After entering the bedroom Officer Oglairuso discovered the contraband in plain view on a nightstand and arrested Moses.
The county court, in denying Moses’ motion to suppress, found that the police department’s response to the telephone call had been “in good faith,” because both the police and paramedics “reasonably believed based on a verifiable call that the defendant was in a life-threatening situation.”
In overturning the county court’s decision, the circuit court found fault with the county court’s holding that Oglairuso reasonably relied on the information relayed to him. The court held that “it is neither reasonable nor credible that a jail inmate *148 knows that a medical emergency exists at that time in a house several miles away.”
We disagree with the circuit court’s conclusion and find that it improperly substituted its judgment for that of the trial court. The county judge’s finding that Oglairuso acted in good faith was supported by the evidence presented at the suppression hearing. Moreover, his finding supports our conclusion that Officer Oglairuso’s seizure of the evidence was consistent with the “emergency exception” to the Fourth Amendment warrant requirement, which holds that police do not need a warrant to enter a dwelling if they have credible information that the life of someone therein may be in danger. Mincey v. Arizona, 437 U.S. 885, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); Arango v. State, 411 So.2d 172 (Fla.1982); Zeigler v. State, 402 So.2d 365 (Fla.1981).
Jail inmates do not lose all contact with the outside world, but instead generally retain some form of telephone and visitation privileges. It is quite conceivable that an inmate might receive a call in which the caller threatens to take a drug overdose or relates that he has already done so. Although the information supplied in this case turned out to be untrue, the reasonableness of the officer’s belief at the time of the report determines the lawfulness of the entry, not the ultimate result of the report. Webster v. State, 201 So.2d 789 (Fla. 4th DCA 1967). Police and paramedics, like fire departments, must endure the occasional false alarm in furtherance of their duty to provide emergency services.
The circuit court also criticized the “blanket policy” of the Indian Rocks Beach Police Department which automatically dispatches officers to scenes of overdose reports in the event the paramedics require assistance or protection. Such a policy, the court held, “may well cool the willingness of persons in medical distress to call a paramedic if it is known that such a call also entails an unnecessary police entry.” We disagree.
In Campbell v. State, 477 So.2d 1068 (Fla. 2d DCA 1985), we upheld a search under the “emergency exception,” involving a similar police policy. In fact, we perceive a greater danger in emergency situations from the imposition of a needless burden to investigate and corroborate before responding to reports of persons in danger.
Finally, we note that, in the county court proceedings, much use was made of the term “tip” in describing the jail inmate’s report of Moses’ supposed overdose. While anonymous tips will not always support a search, State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla.1980), it is important to bear in mind that when he discovered the contraband in Moses’ bedroom, Officer Oglairuso was not engaged in the investigation of a crime or the gathering of evidence. Rather, he was responding to an emergency, fulfilling a function stemming from the common law role of police as “peace officers.” Campbell; Webster. Thus, we are not really concerned with a “search” as much as with the incidental discovery in plain view of items that were incriminating. Such a discovery is not offensive to the Fourth Amendment where, as here, the requirements of reasonableness have been met.
We grant the petition for writ of certio-rari and quash the decision of the circuit court.
SCHOONOVER and LEHAN, JJ., concur.