To: William H. Keiser Chief of Police City of Port Richey
QUESTION:
May a city council member serve as a certified auxiliary police officer under the constitutional dual officeholding prohibition?
SUMMARY:
Until and unless judicially determined otherwise, s. 5, Art. II, State Const., prohibits a city council member from simultaneously serving as a certified auxiliary law enforcement officer.
Section 5(a), Art. II, State Const., provides in pertinent part:
 No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers. (Emphasis supplied.)
This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state and the counties and municipalities. The terms "office" or "officer" are not defined; no distinction, however, is made between part-time or full-time officers, nor is any exception made therefor. Compare the language in s. 5(a), Art. II, supra, excepting from its terms notaries public, military officers, members of a constitutional revision commission, constitutional convention or statutory body having only advisory powers. The Florida Supreme Court in State ex rel. Holloway v. Sheats,83 So. 508, 509 (Fla. 1919), stated that in construing the term "office," the term "implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority." See also AGO 69-2 and authorities cited therein.
You state in your letter of inquiry that an auxiliary police officer with the City of Port Richey has recently been elected as a city councilman and wishes to know if he is eligible to retain his position as auxiliary police officer. The individual receives no remuneration for his services as auxiliary police officer. It is assumed for purposes of this opinion that the law enforcement position in question is a certified auxiliary law enforcement officer pursuant to ch. 943, F.S. Section 943.10(8), F.S., as renumbered by s. 40, ch. 86-183, Laws of Florida, defines "auxiliary law enforcement officer" to mean "any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions." The Criminal Justice Standards and Training Commission within the Department of Law Enforcement is charged with the responsibility of establishing uniform minimum standards for the employment and training of all law enforcement officers. Section 943.12, F.S., as amended by ch. 86-187, Laws of Florida. The commission is further responsible for the issuance and revocation of certificates for persons qualified for employment or appointed as a law enforcement officer. Section943.1395, F.S., as amended by ch. 86-187, Laws of Florida. No person may be employed as a part-time or auxiliary police officer until he has obtained such a certificate of compliance, with certain exceptions not relevant herein. Section 943.1395, F.S., as amended by ch. 86-187. If an auxiliary police officer fails to meet the requirements of ss. 943.12-943.14, F.S., as amended, and the rules and regulations of the Criminal Justice Standards and Training Commission, such officer's authority to act and function as an auxiliary police officer is limited and his power to arrest is no greater than that of a private citizen. See AGO's 73-398 and 73-14.
Numerous opinions of the Attorney General have determined that a law enforcement officer, such as a municipal police officer, is an "officer" within the purview of the dual officeholding prohibition. See AGO's 76-92, 72-348, 71-167, 69-2 and 58-26 and 57-165. In Curry v. Hammond, 16 So.2d 523 (Fla. 1944), the Florida Supreme Court stated:
 It can hardly be questioned that a patrolman on a city police force is clothed with sovereign power of the city while discharging his duty. . . . True, he is an employee of the city but he is also an officer. It is the character of duty performed that must determine his status.
This office has previously concluded that an auxiliary law enforcement officer is an officer within the purview of the constitutional dual officeholding prohibition. See AGO 77-63 which concluded that a part-time auxiliary or reserve police officer could not simultaneously serve as a city council member.
You question whether any exception to the dual officeholding prohibition pertaining to service without remuneration might be applicable to such situation. The Florida Supreme Court in Vinales v. State, 394 So.2d 993 (Fla. 1981), held that the constitutional dual officeholding prohibition did not apply to the appointment of municipal police officers as state attorney investigators since the appointment was temporary and no additional remuneration was paid to such municipal police officers for performing such additional criminal investigative duties. In the Vinales case, however, there was a statute which specifically authorized the appointment of municipal police officers for some purposes as investigators for the state attorney. See s. 27.251, F.S. (1978 Supp.). The district court's opinion, adopted by the Supreme Court, concluded that "the legislature has thus construed the applicable section of our state constitution as one which does not prohibit dual office holding on a temporary basis without remuneration for the purpose of criminal investigation."394 So.2d at 994. And see Rampil v. State, 422 So.2d 867 (2 D.C.A.Fla., 1982), following the Vinales exception and concluding that it did not violate the dual officeholding provision for a city police officer, in conducting a wiretap, to act in the capacity of a deputy sheriff, since that officer received no remuneration for such duties. In AGO 84-25, this opinion considered whether a member of a municipal board of adjustment could also serve as a part-time municipal police officer. In concluding the Vinales exception would probably not apply to such situation because the law enforcement duties were performed on a periodic and regular basis, not a temporary one, the opinion also observed that the Vinales case dealt "with the performance of additional law enforcement functions and duties in a police capacity and not the exercise of governmental power or performance of official duties on a disparate municipal board exercising and performing quasi-judicial powers and duties."
Applying the principles of the Vinales exception to the factual circumstances of your inquiry, I am of the opinion that the exception would not be applicable to an elected city council member also serving as a certified part-time or auxiliary police officer, and that therefore, the constitutional dual officeholding provision would prohibit such simultaneous service. While the law enforcement position is without remuneration, the second prong of the Vinales exception is not satisfied in that the duties performed by the auxiliary police officer are regular and periodic, not temporary. Furthermore, consistent with the observations made in AGO 84-25, the second office, as a member of the city council, does not involve the performance of additional law enforcement functions, but rather involves the exercise of governmental power or performance of official duties on a disparate municipal governing body which exercises and performs legislative powers and duties.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General