LETTS, Judge.
The issue before us is whether the fruits of a search and seizure should be suppressed because the city police officer who conducted the search was outside his municipal limits when he did so. The trial court granted the motion to suppress. We disagree and reverse.
The city officer, who conducted the search in an unincorporated area of the county, was also a duly sworn and properly appointed special deputy sheriff. Nonetheless, the trial court found he had no authority to act outside of his municipal jurisdiction and was prohibited from so doing under section 30.09(4), Florida Statutes (1985). The state argues that the trial judge erred in concluding that section 30.-09(4) lists all of the circumstances under which special deputies can act and ruling that because the city officer'was not performing any of the items listed under paragraphs (a) to (g) of that section of the statute, the officer was acting outside of his jurisdiction. We agree with the State.
In our opinion, exceptions (a) through (g) merely list the circumstances under which the provisions for bonds and sureties etc. of section 30.09 are not applicable. Such exceptions do not restrict the activities of a special deputy solely to those listed. See State v. Campbell, 427 So.2d 765 (Fla. 2d DCA 1983).
Another aspect of this cause centers on a police agent who crawled under the stolen vehicle to obtain the confidential VIN (vehicle identification number). The trial judge, in the case before us, did not, at the time he ruled that the agent’s action was an illegal search without a warrant, have the benefit of the later decided United States Supreme Court case of New York v. Class, 575 U.S. -, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986). Class clearly controls the outcome here (as the trial judge has recognized in a companion case) and stands for the proposition that the agent’s conduct in obtaining the confidential VIN did not, under the facts of this particular case, violate constitutional prohibitions against unreasonable searches and seizures.
Accordingly, we reverse on both grounds and remand for further proceedings in accordance herewith.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.