Mr. C. Dalton Bray Chief of Police Orange Park Police Department 331 Stowe Avenue Orange Park, Florida 32073 Attention: Lieutenant James H. Boivin
Dear Chief Bray:
You ask substantially the following questions:
 (1) Is a certified police officer a "public official" for purposes of the constitutional prohibition against dual officeholding in the absence of a requirement that police officers file financial disclosure forms as required of other public officials?
 (2) May a person in an administrative law enforcement position who has no arrest powers and no police certification also serve as a constitutional officer without violating the dual officeholding prohibition of s. 5(a), Art. II, State Const.?
In sum, I am of the following opinion:
 (1) Certified police officers are "public officers" for purposes of the constitutional prohibition against dual officeholding in that they exercise a portion of the sovereign power of the state.
 (2) An administrative law enforcement officer who has no arrest powers, is not required to possess police certification, and who does not exercise the sovereign power of the state would not occupy an "office" for purposes of the dual officeholding prohibition contained in s. 5(a), Art. II, State Const.
You indicate that the City of Orange Park employs administrative law enforcement officers. Such officers are not required to be certified police officers and have no arrest powers. Furthermore, such an officer would not participate in the special risk retirement system and would file the appropriate conflict of interest documents in the event a vote as an elected official conflicts with the administrative law enforcement position.
Question One
Numerous opinions of the Attorney General have stated that a certified law enforcement officer, such as a municipal police officer, is an "officer" within the scope of s. 5(a), Art. II, State Const.[1] The Supreme Court of Florida has stated:
 It can hardly be questioned that a patrolman on a city police force is clothed with sovereign power of the city while discharging his duty. . . . True, he is an employee of the city but he is also an officer. It is the character of duty performed that must determine his status.[2]
Thus, the powers that a law enforcement officer may exercise, such as the power to arrest, perform law enforcement functions, and carry a firearm, characterize the law enforcement officer as an "officer" for purposes of the dual officeholding prohibition.[3]
I have not found, nor have you brought to my attention, any authority which reflects that the absence of a requirement that police officers file financial disclosure forms as required of public officials would alter their status as "officers."[4]
Accordingly, it remains the position of this office that law enforcement officers are "officers" for purposes of the dual officeholding prohibition of s. 5(a), Art. II, State Const.
Question Two
The constitutional prohibition against a person holding more than one "office" under the state, counties and municipalities is contained in s. 5(a), Art. II, State Const.[5] While the terms "office" or "officer" are not defined in the Constitution, The Supreme Court of Florida has stated:
 The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . .[6]
The determination of whether a position is an "office" or an "employment," therefore, is based upon the nature of the position's powers and duties. Previous opinions of the Attorney General's Office have stated that certain positions were not "offices" for purposes of s. 5(a), Art. II, State Const., since they did not have the power or duty to exercise sovereign power.[7]
These opinions were based primarily upon the statutory description of the respective positions and follow the general rule that the constitutional prohibition against dual officeholding does not apply to persons in positions with no official powers in their own right, who merely exercise certain powers as the agents of government officials.
You have not provided this office with information regarding the duties required of a person in the administrative law enforcement position. It is my opinion, however, that an administrative law enforcement position having no law enforcement certification requirements or arrest powers and no independent exercise of the sovereign power would be an employment rather than an office for purposes of the dual officeholding prohibition.[8] Accordingly, there would not be a violation of the dual officeholding prohibition by a person simultaneously serving as an elected constitutional officer and an administrative law enforcement employee with the limited powers you describe.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, e.g., AGO's 57-165 (deputy officer), 69-2 (chief of police, police magistrates, and police officers), 76-92 (town marshal), 77-89 (deputy sheriff), 84-25 (part-time municipal police officer), 86-11 (police chief), and 86-105 (auxiliary police officer).
[2] Curry v. Hammond, 16 So.2d 523, 524 (Fla. 1944).
[3] Maudsley v. City of North Lauderdale, 300 So.2d 304 (4 D.C.A.Fla., 1974).
[4] Section 8(a), Art. II, State Const., provides:
 All elected constitutional officers and candidates for such offices and, as may be determined by law, other public officers, candidates, and employees shall file full and public disclosure of their financial interests. (e.s.)
[5] Section 5(a), Art. II, State Const., provides in part that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, constitutional convention, or statutory body having only advisory powers."
[6] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[7] See, e.g., AGO's 69-5, 71-263, and 74-73.
[8] Cf., AGO 86-84 (auxiliary police officer with authority to arrest and perform law enforcement functions is an "officer" for purposes of the dual officeholding prohibition in s. 5[a], Art. II, State Const.); and AGO 86-105 (despite local policy which did not allow auxiliary law enforcement officers to make arrest, such officers were certified and, therefore, were authorized to arrest and perform law enforcement function, making them "officers" for purposes of the dual officeholding prohibition).