Ms. Angi Vinson Acting Chief of Police Zolfo Springs Police Department Post Office Box 162 Zolfo Springs, Florida 33890
Dear Acting Chief Vinson:
You ask substantially the following question:
May a part-time police officer also serve as a full-time police officer in another municipality without violating the dual officeholding prohibition contained in s. 5(a), Art. II, State Const.
In sum, I am of the opinion that:
A part-time police officer may not also serve as a full-time police officer in another municipality when he receives remuneration for both positions, without violating the dual officeholding prohibition contained in s. 5(a), Art. II, State Const.
According to the information supplied to this office, a part-time police officer in your department is interested in also working as a full-time police officer in another municipality. As a part-time police officer with the Town of Zolfo Springs, the certified officer is authorized to arrest without a warrant and to carry firearms in carrying out his duties.
You indicate that the continued employment of the individual as a part-time police officer of the Town of Zolfo Springs may or may not be temporary once he becomes a full-time police officer in the other municipality. During the time he served in both capacities, however, he would be compensated for both positions.
Section 5(a), Art. II, State Const., provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein . . . .
Thus, the Constitution prohibits a person from simultaneously holding more than one "office" under the state, county or municipal government. The prohibition applies to both elected and appointed officers. In addition, the Constitution does not require that both offices be within the same governmental unit.[1]
The Constitution does not define the terms "office" or "officer" for purposes of s. 5(a), Art. II, State Const. The Supreme Court, however, has stated that the term "office" implies "a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office . . . . The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power . . . ."[2]
This office has on a number of occasions stated that a law enforcement officer is an "officer" within the scope of the dual officeholding prohibition based upon his exercise of the sovereign powers of the state.[3] As stated by The Supreme Court of Florida:
It can hardly be questioned that a patrolman on a city police force is clothed with sovereign power of the city while discharging his duty. . . . True, he is an employee of the city but he is also an officer. It is the character of duty performed that must determine his status.[4]
It is the powers that a law enforcement officer exercises, such as the authority to arrest without a warrant and to carry fire-arms in carrying out his duties, that characterize the law en-forcement officer as an "officer." Thus, this office has stated that a part-time auxiliary or reserve police officer is covered by the provisions of s. 5(a), Art. II, State Const.[5]
A limited exception to the dual officeholding prohibition for law enforcement functions has been recognized by the courts.
In Vinales v. State,[6] The Supreme Court of Florida held that s. 5(a), Art. II, State Const., did not prohibit the appointment of municipal police officers as state attorney investigators since the appointment was temporary and no additional remuneration was paid to the police officers for performing additional criminal investigative duties.
The Second District Court of Appeal in Rampil v. State,[7]
expanded the exception. In Rampil, the court considered whether a municipal police officer also serving as a deputy sheriff was in violation of s. 5(a), Art. II, State Const. Although the dual appointment was not temporary, as was the case in Vinales, the police officer received no remuneration for his duties as deputy sheriff. The court, thus, concluded that there was no violation of the dual officeholding prohibition.
In construing the above cases, this office has stated that this exception is limited to those situations in which a law enforcement officer is performing additional law enforcement functions for no additional remuneration on a temporary or nonregular basis.[8]
In the instant inquiry, the dual appointment may or may not be temporary. However, the police officer would receive remuneration for serving as a part-time police officer with the Town of Zolfo Spring and as a full-time police officer with the City of Sebring. Thus, the exception recognized by the Supreme Court and the Second District Court of Appeal in Vinales v. State, supra, and Rampil v. State, supra, respectively, would not be applicable.
Accordingly, I am of the opinion that the constitutional dual officeholding prohibition would prohibit a part-time police officer also serving as a full-time law enforcement officer in another jurisdiction when such officer receives remuneration for both positions.[9]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., AGO 84-90 (mayor may not simultaneously serve as member of the governing board of county health facility); AGO 77-89 (deputy sheriff may not simultaneously serve as mayor of a municipality).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919).
[3] See, e.g., AGO's 69-2, 71-167, 72-348, 76-92, 77-89 and 86-11.
[4] Curry v. Hammond, 16 So.2d 523, 524 (Fla. 1944). And see, Maudsley v. City of North Lauderdale, 300 So.2d 304 (4 D.C.A. Fla., 1974). Cf., State ex rel. Gibbs v. Martens, 193 So. 835, 837
(Fla. 1940), holding that a probation officer was an "offi-cer" since he had the right to arrest without a warrant for "no right is more sacred or more jealously guarded than the one that liberty shall not be infringed except by due process of law."
[5] Attorney General Opinion 77-63. Compare, AGO 89-10 concluding that an administrative law enforcement position, having no law enforcement certification requirements or arrest powers and not authorized to independently exercise the sovereign powers of the state, was an employment and not an office for purpose of the dual officeholding prohibition.
[6] 394 So.2d 993 (Fla. 1981).
[7] 422 So.2d 867 (2 D.C.A. Fla., 1982).
[8] See, e.g., AGO 84-25 (member of municipal board of adjustment may not serve as part-time law enforcement officer without remuneration); AGO 86-84 (city council member may not simultaneously serve as certified auxiliary law enforcement officer).