Mr. Richard C. Coffey Chairman, Criminal Justice Standards and Training Commission Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Mr. Coffey:
You ask substantially the following question:
Are state or local correctional officers as defined in section943.10(2), Florida Statutes, considered to be "officers" for purposes of Article II, section 5(a), Florida Constitution, prohibiting dual officeholding?
In sum:
State or local correctional officers as defined in section943.10(2), Florida Statutes, are not "officers" for purposes of Article II, section 5(a), Florida Constitution, prohibiting dual officeholding.
Article II, section 5(a), of the Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously holding more than one "office" under the government of the state, counties and municipalities. The prohibition applies to both elected and appointed offices.[1] It is not necessary that the two offices be within the same governmental unit.
The Constitution does not define the terms "office" or "officer" for purposes of the dual officeholding prohibition. The Supreme Court of Florida, however, has stated:
"The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . ."[2]
It is, therefore, the nature of the powers and duties of a particular position that determines whether it is an "office" or an "employment." Based upon existing case law, this office has stated that a law enforcement officer is an "officer" within the scope of the constitutional dual officeholding prohibition.[3] The Supreme Court of Florida has stated:
"It can hardly be questioned that a patrolman on a city police force is clothed with sovereign power of the city while discharging his duty. . . . True, he is an employee of the city but he is also an officer. It is the character of duty performed that must determine his status."[4]
It is the powers that a law enforcement officer may exercise, particularly the authority to arrest without a warrant and to carry firearms in performance of his or her duties, that characterize the law enforcement officer as an "officer."[5]
Section 943.10, Florida Statutes, defines "law enforcement officer" as a person who is vested with the authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of this state.[6] Section943.10(2), Florida Statutes, however, defines "Correctional officer" as
"any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel."[7]
Unlike law enforcement officers, correctional officers do not have broad authority to make arrests without a warrant. Rather, correctional officers have only been authorized to arrest any convict who has escaped or any person who, without authority, interferes with or interrupts the work of a prisoner or the discipline or good conduct of a prisoner, or who by illicit means attempts to gain admission to a state correctional institution.[8]
In Attorney General Opinion 89-62, this office recognized the difference in responsibilities between law enforcement officers and correctional officers in determining whether a law enforcement officer or correctional officer has a legal duty to provide aid to ill, injured, and distressed persons who are not in police custody during an emergency. Relying on Webster v. State,[9] which recognized that it is part of the nature and duty of a police officer — derived from the common law duties of a peace officer — to render aid in emergency situations, this office concluded that a law enforcement officer, whether on-duty or acting in a law enforcement capacity off-duty, is under such a duty.[10] This office concluded, however, that a correctional officer is not a peace officer. Thus, the correctional officer does not have a legal duty to provide aid to ill, injured, and distressed persons who are not under his or her supervision.[11]
Moreover, although a number of statutes treat "law enforcement officers" and "correctional officers" similarly, the Legislature has generally deemed it necessary to specifically include correctional officers within such provisions to ensure their coverage. For example, the Law Enforcement Officer's Bill of Rights was specifically amended to include correctional officers.[12] Section 119.07(3)(i), Florida Statutes, providing a limited exemption for certain information concerning law enforcement personnel, was also amended to specifically include correctional officers within its terms.[13]
As this office stated in Attorney General Opinion 97-18, the right to hold a public office is one of the valuable rights of citizenship and should not be prohibited or curtailed except by plain provisions of law. Thus, any doubt or ambiguity regarding any person's eligibility to hold office must be resolved in favor of eligibility.[14]
Accordingly, I am of the opinion that state or local correctional officers as defined in section 943.10(2), Florida Statutes, are not "officers" for purposes of Article II, section 5(a), Florida Constitution, prohibiting dual officeholding. To the extent that previous opinions of this office may be inconsistent, they are hereby modified.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ops. Att'y Gen. Fla. 69-2 (1969), 80-97 (1980), and 94-66 (1994).
[2] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919); State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] See, e.g., Ops. Att'y Gen. Fla. 57-165 (1957), 58-26 (1958), 69-2 (1969), 71-167 (1971), 72-348 (1972), 76-92 (1976), 77-89 (1977), 86-11 (1986), and 89-10 (1989).
[4] Curry v. Hammond, 16 So.2d 523 (Fla. 1944).
[5] Maudsley v. City of North Lauderdale, 300 So.2d 304 (Fla. 4th DCA 1974). See, State ex rel. Gibbs v. Martens, 193 So. 835,837 (Fla. 1940), in which the Supreme Court of Florida held that a probation officer was an "officer" since he had the right to arrest without a warrant because "no right is more sacred or more jealously guarded than the one that liberty shall not be infringed except by due process of law."
[6] See, s. 943.10(1) and (6), Fla. Stat., respectively defining "Law enforcement officer" and "Part-time law enforcement officer."And see, s. 943.10(8), Fla. Stat., defining "Auxiliary law enforcement officer" to mean "any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions."
[7] And see, ss. 943.10(7) and (9), Fla. Stat., respectively defining "Part-time correctional officer" and "Auxiliary correctional officer." Both definitions refer to the duties of such positions as the supervision, protection, care, custody, and control of inmates within a correctional institution.
[8] See, ss. 843.04 and 944.39, Fla. Stat.
[9] 201 So.2d 789, 792 (Fla. 4th DCA 1967).
[10] Subsequent decisions have upheld warrantless searches and seizures based on this common law duty of police officers. See,e.g., State v. Moses, 480 So.2d 146, 148 (Fla. 2d DCA 1985); andCampbell v. State, 477 So.2d 1068 (Fla. 2d DCA 1985).
[11] See, Black's Law Dictionary 1287 (rev. 4th ed. 1968), defining "peace officers" to "include[s] sheriffs and their deputies, constables, marshals, members of the police force of cities, and other officers whose duty is to enforce and preserve the public peace."
[12] See, Ch. 82-156, Laws of Florida.
[13] See, s. 3, Ch. 93-404, Laws of Florida, which amended s.119.07(3)(k) [now s. 119.07(3)(i)], adding "correctional and correctional probation officers" in the first sentence.
[14] See, Ervin v. Collins, 85 So.2d 852 (Fla. 1956); State exrel. Fraser v. Gay, 28 So.2d 901 (Fla. 1947); State ex rel. Westv. Gray, 70 So.2d 471 (Fla. 1954).