Dear Ms. Reischmann:
On behalf of the Casselberry City Commission, you ask substantially the following questions:
 1) Does Article II, section 5(a), Florida Constitution, preclude the city and the former police chief, who resigned in order to temporarily serve as acting city manager, from entering into an agreement that the former chief will again serve as police chief once he no longer serves as acting city manager?
 2) Does the exception to dual officeholding recognized by the courts in Vinales v. State[1] and Rampil v. State[2] permit the police chief to serve as acting city manager without resigning his or her office when such appointment is temporary and without additional remuneration?
Question One
Article II, section 5(a), Florida Constitution, provides in part:
 "No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except . . . any officer may be a member of a . . . statutory body having only advisory powers."
This constitutional provision prohibits a person from simultaneously serving in more than one state, county, or municipal office, regardless of whether elected or appointed.
Recognizing that this office has stated that the constitutional provision prohibits a police chief from simultaneously serving as the city administrator,[3] the police chief resigned as police chief when he was named by the city commission as acting city manager. You ask, however, whether the city is precluded from entering into an agreement providing that the acting city manager may return to his position as police chief once the position of city manager has permanently been filled by another individual.
Generally, the acceptance of a second office has been considered to be a vacancy in the first office.[4] Thus, the acceptance of the position as acting city manager created a vacancy in the office of police chief, not a leave of absence. I am not aware of any prohibition in Article II, section 5(a), Florida Constitution, that would preclude the city from reappointing the current acting city manager as police chief when he no longer is serving as city manager.
Question Two
The Supreme Court of Florida recognized a limited exception to the constitutional dual officeholding prohibition in Vinales v.State,[5] which concerned the appointment of municipal police officers as state attorney investigators pursuant to statute. Since the police officers' appointment was temporary and no additional remuneration was paid for performing the additional criminal investigative duties, the Court held that the officers were not simultaneously holding two offices and thus the constitutional dual office holding prohibition did not apply. The Second District Court of Appeal in Rampil v. State,[6]
following the Vinales exception, concluded that it was not a violation of Article II, section 5(a), Florida Constitution, for a city police officer to act in the capacity of deputy sheriff since that officer received no remuneration for such duties.
The above exception, however, has been only been applied when both offices have related to criminal investigation or prosecution and not to the exercise of governmental power or performance of official duties on a disparate board or position. Thus, this office, in considering the Vinales and Rampil
exception, has stated that the exception is limited and does not apply to a member of a municipal board of adjustment serving as a part-time law enforcement officer or to a police officer who serves as a law enforcement officer.[7]
Accordingly, I am of the opinion that the exception to dual officeholding recognized by the courts in Vinales v. State,supra, and Rampil v. State, supra, does not permit the police chief to serve as acting city manager without resigning his or her office.[8]
Sincerely,
 Charlie Crist Attorney General
CC/tjw
[1] 394 So. 2d 993 (Fla. 1981).
[2] 422 So. 2d 867 (Fla. 2nd DCA 1982).
[3] See Op. Att'y Gen. Fla. 86-11 (1986). This office has repeatedly stated that a certified law enforcement officer, such as a municipal police officer, is an "officer" within the scope of the constitutional prohibition against dual office holding.See, e.g., Ops. Att'y Gen. Fla. 57-165 (1957), 69-2 (1969), 76-92 (1976), 77-89 (1977), 84-25 (1984), and 86-11 (1986). Andsee Curry v. Hammond, 16 So. 2d 523, 524 (Fla. 1944). ("It can hardly be questioned that a patrolman on a city police force is clothed with sovereign power of the city while discharging his duty."). This office has also considered the position of city manager, as the chief administrative officer of the city, to constitute an office for purposes of Article II, section 5(a), Florida Constitution. See, e.g., Ops. Att'y Gen. Fla. 80-97 (1980) and 86-11 (1986).
[4] See In re Advisory Opinion to the Governor, 79 So. 874
(Fla. 1918) (when a person holding one office is appointed to and accepts another office, such appointment and acceptance vacates the person's right and status to the first office); and Ops. Att'y Gen. Fla. 94-40 (1994) and 77-63 (1977). Cf., Holley v.Adams, 238 So. 2d 401, 407 (Fla. 1970) (acceptance of an incompatible office by one already holding office operates as a resignation of the first).
[5] 394 So. 2d 993 (Fla. 1981).
[6] 422 So. 2d 867 (Fla. 2nd DCA 1982).
[7] See Op. Att'y Gen. Fla. 84-25 (1984). And see Op. Att'y Gen. Fla. 86-84 (1986) (Vinales and Rampil exceptions do not apply to a city council member simultaneously serving as a certified auxiliary law enforcement officer).
[8] You have advised this office that the city charter provides that the city manager may designate, subject to the city commission's approval, a qualified administrative officer to exercise the powers of the city manager due to the city manager's temporary absence or disability. The courts of this state have recognized that the legislative designation of an officer to perform ex officio the functions of another or additional office does not violate the dual officeholding prohibition, provided that the duties imposed are consistent with those already being exercised. See, e.g., Bath Club, Inc. v. DadeCounty, 394 So. 2d 110 (Fla. 1981).
There is, however, a distinction between a statute or charter provision imposing an ex officio position on the holder of another office and one authorizing the appointment of one officeholder to another distinct office. See, e.g., AdvisoryOpinion to the Governor, 1 So. 2d 636 (Fla. 1941) (provision making chairman of the state road department a member of the state planning board merely placed additional duties on the chairman and was constitutional; however, provision which permitted Governor to appoint state officials or employees to the board did "not impose additional duties on any particular State officer," but rather created a separate position, and thus violated the dual office holding prohibition. Id. at 638. As in the above case, the charter provision does not designate a particular municipal office to temporarily perform the duties of the city manager.